UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

JOSEPH JEAN-CHARLES, a/k/a JEAN-CHARLES        CIVIL ACTION NO.
JOSEPH,
      Plaintiff

      v.

DOUGLAS PERLITZ; FATHER PAUL E.
CARRIER, S.J.; HOPE E. CARTER; HAITI FUND,
INC.; FAIRFIELD UNIVERSITY; THE SOCIETY
OF JESUS OF NEW ENGLAND; JOHN DOE ONE;
JOHN DOE TWO; JOHN DOE THREE; JOHN
DOE FOUR; JOHN DOE FIVE; JOHN DOE SIX;
JOHN DOE SEVEN; JOHN DOE EIGHT; JOHN
DOE NINE; JOHN DOE TEN; JOHN DOE
ELEVEN; AND JOHN DOE TWELVE,
      Defendants

## COMPLAINT AND JURY TRIAL DEMAND

### A. INTRODUCTION

1.      Defendants Douglas Perlitz, Father Paul E. Carrier, S.J., Fairfield University and

other Defendants established a residential school in the Republic of Haiti, the poorest country in

the Western Hemisphere.  This school, Project Pierre Toussaint, purported to provide services to

the poorest children of Haiti, many of whom lacked homes and regular meals.  Defendant

Douglas Perlitz was the director in Haiti of Project Pierre Toussaint, which provided him with an

image of substantial trust and authority.  Defendant Douglas Perlitz used that trust and authority,

1

with the assistance of other Defendants to sexually molest Plaintiff and numerous other minor boys who attended Project Pierre Toussaint.   Defendant Douglas Perlitz was convicted of violating 18 U.S.C. §2423(b), Travel With Intent To Engage In Illicit Sexual Conduct.   In molesting Plaintiff, Defendant Douglas Perlitz was aided by the intentional or negligent acts of the other Defendants.   Plaintiff seeks damages for Plaintiff's personal injuries pursuant to 18 U.S.C. §2255 and common law.

### B.  JURISDICTION AND VENUE

2.      Plaintiffs bring this civil action pursuant to 18 U.S.C. §2255, Civil Remedy for Personal Injuries, and the laws of the State of Connecticut.   As to the §2255 claims, jurisdiction is conferred on this Court by 18 U.S.C. §2255 and 28 U.S.C. §1331.   As to the state law claims, jurisdiction is conferred on this Court by 28 U.S.C. §1332 as Plaintiff is a citizen of the Republic of Haiti and all Defendants, as is further described below, are citizens of states of the United States.   The amount in controversy, without interest and costs, exceeds the sum specified by 28 U.S.C. §1332.   Additionally, as Plaintiff's state law claims are so related to Plaintiff's 18 U.S.C. § 2255 claim, this Court also has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367.

LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.  ATTORNEYS AT LAW
52 TRUMBULL STREET  P.O. BOX 1612  NEW HAVEN, CONNECTICUT 06506-1612
TELEPHONE (203) 787-0275   FACSIMILE (203) 782-0278

## C. PARTIES

3.  The Plaintiff, Joseph Jean-Charles, also known as Jean-Charles Joseph is a citizen of the Republic of Haiti residing in Cap-Haitien, Haiti.

4.  Defendant Douglas Perlitz (hereinafter referred to as "Defendant Perlitz") is an individual who, at the time of his arrest in 2009 was a citizen of the State of Colorado.  Prior to residing in the State of Colorado, Defendant Perlitz had resided in the State of Connecticut.  While a resident of the State of Connecticut, Defendant Perlitz frequently traveled from the State of Connecticut to the Republic of Haiti to reside for extended periods of time in the Republic of Haiti.  On December 21, 2010, the United States District Court for the District of Connecticut adjudged Defendant Perlitz guilty of violating 18 U.S.C. §2423(b), Travel With Intent To Engage In Illicit Sexual Conduct.  Defendant Perlitz was sentenced to serve 19 years and 7 months in federal prison.

5.  Defendant Father Paul E. Carrier, S.J. (hereinafter referred to as Defendant "Father Carrier") is an individual who is a citizen of the State of Connecticut with a domicile in Bridgeport, Connecticut.  During the relevant time period Defendant Father Carrier was a religious priest of The Society Of Jesus Of New England; University Chaplain/Director of Campus Ministry and Community Service of Fairfield University in Fairfield, Connecticut; Chairman and President of the Haiti Fund, Inc.; and at times material hereto, had a duty to hire,

3

LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.   ATTORNEYS AT LAW
52 TRUMBULL STREET   P.O. BOX 1612   NEW HAVEN, CONNECTICUT 06506-1612
TELEPHONE (203) 787-0275   FACSIMILE (203) 782-0278

supervise, direct and retain Defendant Perlitz, and a duty not to aid and abet Defendant Perlitz in engaging in criminal conduct.

6.    Defendant Hope E. Carter (hereinafter referred to as Defendant "Carter") is an individual who is a citizen of the State of Connecticut with a domicile in New Canaan, Connecticut.  During the relevant time period Defendant Carter was a member of the Board of Directors of the Haiti Fund, Inc.; Secretary of the Board of Directors of the Haiti Fund, Inc.; and at times material hereto, had a duty to hire, supervise, direct and retain Defendant Perlitz, and a duty not to aid and abet Defendant Perlitz in engaging in criminal conduct.

7.    Defendant Haiti Fund, Inc. is a Connecticut corporation which funded, managed, controlled and directed Project Pierre Toussaint of Cap-Haitien, Haiti, a program that provided services for minor boys in and around Cap-Haitien, Haiti.  As Defendant Haiti Fund, Inc. was incorporated in the State of Connecticut, pursuant to 28 U.S.C. §1332(c)(1), Defendant Haiti Fund, Inc. is a citizen of the State of Connecticut.  At all relevant times, Project Pierre Toussaint, the program funded, managed and directed by Defendant Haiti Fund, Inc. operated an intake center at one location, and two different residential schools at two different locations; all the locations were in or around Cap-Haitien, Haiti.  The Director in the Republic of Haiti of Project Pierre Toussaint was Defendant Perlitz.  At times material hereto, Defendant Haiti Fund, Inc. had

4

a duty to hire, supervise, direct and retain Defendant Perlitz, and a duty not to aid and abet Defendant Perlitz in engaging in criminal conduct.

8.     Defendant Fairfield University is a Connecticut corporation with a principal place of business in Fairfield, Connecticut.  As Fairfield University was incorporated in the State of Connecticut, pursuant to 28 U.S.C. §1332(c)(1), Defendant Fairfield University is a citizen of the State of Connecticut.  At all relevant times, Defendant Fairfield University hired, supervised, directed and retained Defendant Father Carrier.  At all relevant times, Defendant Fairfield University had placed employees, officers, or agents of Defendant Fairfield University in management and/or leadership positions of Defendant Haiti Fund, Inc.  At all relevant times, Defendant Fairfield University had represented that Defendant Haiti Fund, Inc. was engaged in activities supported, managed and sponsored by Defendant Fairfield University.  At all relevant times, Defendant Fairfield University had a duty to hire, supervise, direct and retain Defendant Perlitz.

9.     Defendant The Society of Jesus of New England (hereinafter referred to as Defendant "The New England Jesuit Order") is a Massachusetts non-profit corporation doing business in the State of Connecticut.  As Defendant New England Jesuit Order was incorporated in the State of Massachusetts, pursuant to 28 U.S.C. §1332(c)(1), Defendant The New England

5

Jesuit Order is a citizen of the State of Massachusetts.  At all relevant times, Defendant The New England Jesuit Order had a duty to hire, supervise, direct and retain Defendant Father Carrier.

10.     Defendants John Doe One, John Doe Two, John Doe Three, John Doe Four, and John Doe Five are individuals whose identities are presently unknown to the Plaintiff; therefore, the Plaintiff files the above-captioned action against Defendants John Doe One, John Doe Two, John Doe Three, John Doe Four, and John Doe Five by such fictitious names.  Defendants John Doe One, John Doe Two, John Doe Three, John Doe Four, and John Doe Five are citizens of the State of Connecticut or other states of the United States.  The Plaintiff will seek leave to amend this Complaint to add the true name or names of Defendants John Doe One, John Doe Two, John Doe Three, John Doe Four, and John Doe Five when said name or names have been ascertained. The Plaintiff alleges that Defendants John Doe One, John Doe Two, John Doe Three, John Doe Four, and John Doe Five aided and abetted Defendant Perlitz in engaging in criminal conduct which resulted in harm to the Plaintiff.

11.     Defendants John Doe Six, John Doe Seven, John Doe Eight, John Doe Nine, and John Doe Ten are individuals whose identities are presently unknown to the Plaintiff; therefore, the Plaintiff files the above-captioned action against Defendants John Doe Six, John Doe Seven, John Doe Eight, John Doe Nine, and John Doe Ten by such fictitious names.  Defendants John Doe Six, John Doe Seven, John Doe Eight, John Doe Nine, and John Doe Ten are citizens of the

6

State of Connecticut or other states of the United States.  The Plaintiff will seek leave to amend this Complaint to add the true name or names of Defendants John Doe Six, John Doe Seven, John Doe Eight, John Doe Nine, and John Doe Ten when said name or names have been ascertained.  The Plaintiff alleges that Defendants John Doe Six, John Doe Seven, John Doe Eight, John Doe Nine, and John Doe Ten were responsible for the hiring, supervision, direction and retention of Defendant Perlitz.

12.    Defendants John Doe Eleven and John Doe Twelve are individuals whose identities are presently unknown to the Plaintiff; therefore, the Plaintiff files the above-captioned action against Defendants John Doe Eleven and John Doe Twelve by such fictitious names. Defendants John Doe Eleven and John Doe Twelve are citizens of the State of Connecticut or other states of the United States.  The Plaintiff will seek leave to amend this Complaint to add the true name or names of Defendants John Doe Eleven and John Doe Twelve when said name or names have been ascertained.  The Plaintiff alleges that Defendants John Doe Eleven and John Doe Twelve were responsible for the hiring, supervision, direction and retention of Defendant Father Carrier.

### D.  STATEMENT OF FACTS

13.    Defendant Perlitz with the assistance of Defendants Father Carrier, Carter, Fairfield University, and John Doe Six through John Doe Ten obtained funding from the Order

7

of Malta in approximately 1997 to start and operate Project Pierre Toussaint, a school for boys in Cap-Haitien, Haiti.  Project Pierre Toussaint established an intake center that came to be referred to as the 13th Street Intake Program.  Project Pierre Toussaint provided services to boys of all ages, many of whom were street children.  The youngest children served by Project Pierre Toussaint were six years of age.  Project Pierre Toussaint provided a variety of services to the minor boys, including but not limited to, meals, access to running water for baths or showers, basic classroom instruction, and sports activities.  Defendant Perlitz employed Americans and Haitians to work at Project Pierre Toussaint.

14.     Defendant Perlitz with the assistance of Defendants Father Carrier, Carter, Haiti Fund, Inc., Fairfield University, and John Doe Six through John Doe Ten obtained additional funding in approximately 1999 to expand Project Pierre Toussaint to include a residential facility referred to as the Village.

15.     Through Project Pierre Toussaint, as Defendants Father Carrier, Carter, Haiti Fund, Inc., Fairfield University, The New England Jesuit Order and John Doe One through John Doe Ten knew at relevant times, Defendant Perlitz had access to, authority over, and control over the boys participating in Project Pierre Toussaint.

16.     Through Project Pierre Toussaint, as Defendants Father Carrier, Carter, Haiti Fund, Inc., Fairfield University, The New England Jesuit Order and John Doe One through John

LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.  ATTORNEYS AT LAW
52 TRUMBULL STREET   P.O. BOX 1612   NEW HAVEN, CONNECTICUT 06506-1612
TELEPHONE (203) 787-0275   FACSIMILE (203) 782-0278

Doe Ten knew at relevant times, Defendant Perlitz was in a position that the minor boys participating in Project Pierre Toussaint would believe they could trust Defendant Perlitz. Through Project Pierre Toussaint, as Defendants Father Carrier, Carter, Haiti Fund, Inc., Fairfield University, The New England Jesuit Order and John Doe One through John Doe Ten knew at relevant times, Defendant Perlitz was in a position that the minor boys participating in Project Pierre Toussaint would have confidence that the conduct Defendant Perlitz engaged in was to further the best interests of the minor boys.

17.     Defendants Father Carrier, Carter, and John Doe One through John Doe Five frequently traveled to Cap-Haitien, Haiti to visit Defendant Perlitz and Project Pierre Toussaint, or otherwise participated in activities at Project Pierre Toussaint.  Defendants Father Carrier, Carter and John Doe One through John Doe Five became aware that Defendant Perlitz was engaged in conduct that endangered minor boys participating in Project Pierre Toussaint.  In spite of this information, Defendants Father Carrier, Carter, and John Doe One through John Doe Five aided and abetted Defendant Perlitz in Defendant Perlitz's efforts to sexually abuse minor boys participating in Project Pierre Toussaint and in Defendant Perlitz's efforts to conceal Defendant Perlitz's sexual abuse of minors participating in Project Pierre Toussaint.

18.     In approximately 2006, when the Plaintiff was approximately 15 years old, Defendant Perlitz engaged in explicit sexual behavior and lewd and lascivious behavior with the

9

Plaintiff, including but not limited to, Defendant Perlitz requiring and then having Plaintiff masturbate Defendant Perlitz.

19.     As a result of Defendant Perlitz's sexual and lewd and lascivious conduct with the Plaintiff, the Plaintiff has suffered deep emotional pain, is suffering deep emotional pain, and will suffer future deep emotional pain.

20.     At all times material hereto, Defendant Perlitz misrepresented and concealed from the Plaintiff the wrongful nature of the sexual activity and that such sexual activity could harm the Plaintiff.

21.     As a result of the said explicit sexual behavior and lewd and lascivious behavior in which Defendant Perlitz engaged with the Plaintiff, the Plaintiff is unable at this time to fully disclose in complete detail to what degree Defendant Perlitz did abuse the Plaintiff emotionally and physically.

### E.  CLAIMS FOR RELIEF

**Count I:**     **Civil Remedy for Personal Injuries Pursuant to 18 U.S.C. §2255 (Plaintiff v. Defendant Perlitz)**

22.     The Plaintiff repeats, realleges, and incorporates by reference herein each and every allegation heretofore pleaded in this Complaint.

LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.   ATTORNEYS AT LAW
52 TRUMBULL STREET   P.O. BOX 1612   NEW HAVEN, CONNECTICUT 06506-1612
TELEPHONE (203) 787-0275   FACSIMILE (203) 782-0278

23.      Defendant Perlitz violated 18 U.S.C. §2423(b), Travel With Intent To Engage In Illicit Sexual Conduct.  Plaintiff, while a minor, was a victim of Defendant Perlitz's violation of 18 U.S.C. §2423(b).

24.      Plaintiff has suffered substantial injuries as a result of Defendant Perlitz's violations of 18 U.S.C. §2423(b).   Plaintiff is seeking damages, the cost of this suit, and reasonable attorney's fees pursuant to 18 U.S.C. §2255.

**<u>Count II</u>:       Civil Remedy for Personal Injuries Pursuant to 18 U.S.C. §2255 (Plaintiff v. Defendants Father Carrier, Carter, Haiti Fund, Inc., John Doe One, John Doe Two, John Doe Three, John Doe Four and John Doe Five)**

25.      The Plaintiff repeats, realleges, and incorporates by reference herein each and every allegation heretofore pleaded in this Complaint.

26.       Defendant Perlitz violated 18 U.S.C. §2423(b), Travel With Intent To Engage In Illicit Sexual Conduct.  Defendants Father Carrier, Carter, Haiti Fund, Inc., John Doe One, John Doe Two, John Doe Three, John Doe Four, and John Doe Five aided and abetted Defendant Perlitz in violating 18 U.S.C. §2423(b).

27.      Plaintiff, while a minor, was a victim of the above referenced violations of 18 U.S.C. §2423(b), which Defendants Father Carrier, Carter, Haiti Fund, Inc., John Doe One, John Doe Two, John Doe Three, John Doe Four, and John Doe Five aided and abetted Defendant Perlitz in committing.

LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.   ATTORNEYS AT LAW
52 TRUMBULL STREET   P.O. BOX 1612   NEW HAVEN, CONNECTICUT 06506-1612
TELEPHONE (203) 787-0275   FACSIMILE (203) 782-0278

28.     Plaintiff has suffered substantial injuries as a result of the assistance provided by Defendants Father Carrier, Carter, Haiti Fund, Inc., and John Doe One through John Doe Five to Defendant Perlitz for the purpose of aiding and abetting Defendant Perlitz's violation of 18 U.S.C. §2423(b).  Plaintiff is seeking damages, the cost of this suit, and reasonable attorney's fees pursuant to 18 U.S.C. §2255.

**Count III:**       **Assault (Plaintiff v. Defendant Perlitz)**

29.     The Plaintiff repeats, realleges, and incorporates by reference herein each and every allegation heretofore pleaded in this Complaint.

30.     By engaging in the egregious and explicit sexual behavior described above, Defendant Perlitz acted intentionally so as to cause harmful and offensive contact with the Plaintiff.

31.     By engaging in the egregious and explicit sexual behavior described above, Defendant Perlitz placed the Plaintiff in imminent and reasonable apprehension of said harmful and offensive contact.

32.     As a direct and proximate result of Defendant Perlitz placing the Plaintiff in imminent and reasonable apprehension of harmful and offensive contact, the Plaintiff suffered and will continue to suffer in the future:  severe and permanent mental distress and emotional

12

injuries as outlined above; financial expenses for medical and therapeutic care and treatment; long term lost earning capacity; as well as other damages.

**Count IV:** **Battery (Plaintiff v. Defendant Perlitz)**

33.     The Plaintiff repeats, realleges, and incorporates by reference herein each and every allegation heretofore pleaded in this Complaint.

34.     By engaging in the egregious and explicit sexual behavior described above, Defendant Perlitz acted intentionally so as to cause unjustified harmful and offensive physical contact and touching of the Plaintiff, and repeatedly performed such unjustified harmful and offensive physical contact and touching.

35.     As a direct and proximate result of Defendant Perlitz's unjustified harmful and offensive physical contact and touching, the Plaintiff suffered and will continue to suffer in the future:  severe and permanent mental distress and emotional injuries as outlined above; financial expenses for medical and therapeutic care and treatment; long term lost earning capacity; as well as other damages.

**Count V:** **Intentional Infliction of Emotional Distress (Plaintiff v. Defendant Perlitz)**

36.     The Plaintiff repeats, realleges, and incorporates by reference herein each and every allegation heretofore pleaded in this Complaint.

13

37.     By engaging in the egregious and explicit sexual behavior described above, Defendant Perlitz intended to inflict emotional distress upon the Plaintiff, or he knew or should have known that emotional distress was the likely result of his conduct.

38.     The conduct of Defendant Perlitz in engaging in the egregious and explicit sexual behavior described above was extreme and outrageous, beyond all possible bounds of decency, and utterly intolerable in a civilized community.

39.     As a direct and proximate result of the conduct of Defendant Perlitz in engaging in the egregious and explicit sexual behavior described above, the Plaintiff suffered and will continue to suffer in the future:  severe and permanent mental distress and emotional injuries as outlined above; financial expenses for medical and therapeutic care and treatment; long term lost earning capacity; as well as other damages.

40.     The mental distress and emotional injuries which the Plaintiff suffered and will continue to suffer were severe, and of a nature that no reasonable person could be expected to endure them.

**Count VI:     Negligent Infliction of Emotional Distress (Plaintiff v. Defendant Perlitz)**

41.     The Plaintiff repeats, realleges, and incorporates by reference herein each and every allegation heretofore pleaded in this Complaint.

42.     During the period of time that Defendant Perlitz was the director of Project Pierre

14

Toussaint and the Plaintiff as a minor child received services from Project Pierre Toussaint, Defendant Perlitz had a duty to act reasonably toward the Plaintiff.

43.     Defendant Perlitz's conduct as described above created an unreasonable risk of causing the Plaintiff emotional distress

44.     The emotional distress Plaintiff experienced as a result of Defendant Perlitz's conduct as described above was foreseeable.

45.     The emotional distress Plaintiff experienced as a result of Defendant Perlitz's conduct as described above was severe enough it might result in illness or bodily harm.

46.     As a direct and proximate result of the conduct of Defendant Perlitz in engaging in the sexual behavior described above, the Plaintiff suffered and will continue to suffer in the future:  severe and permanent mental distress and emotional injuries as outlined above; financial expenses for medical and therapeutic care and treatment; long term lost earning capacity; as well as other damages.

**Count VII:    Negligent Hiring, Retention, Direction, and Supervision (Plaintiff v. Defendants Father Carrier, Carter, Haiti Fund, Inc., Fairfield University, The New England Jesuit Order, John Doe Six, John Doe Seven, John Doe Eight, John Doe Nine, and John Doe Ten)**

47.     The Plaintiff repeats, realleges, and incorporates by reference herein each and every allegation heretofore pleaded in this Complaint.

48.     At all relevant times to this action, the responsibilities of Father Carrier, Carter,

LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.  ATTORNEYS AT LAW
52 TRUMBULL STREET   P.O. BOX 1612   NEW HAVEN, CONNECTICUT 06506-1612
TELEPHONE (203) 787-0275   FACSIMILE (203) 782-0278

Haiti Fund, Inc., Fairfield University, The New England Jesuit Order, John Doe Six, John Doe Seven, John Doe Eight, John Doe Nine, and John Doe Ten (hereinafter referred to as the "Perlitz Supervisory Defendants") included the hiring, retention, direction, and supervision of Defendant Perlitz.

49.     At all relevant times to this action, the Perlitz Supervisory Defendants knew or should have known that Defendant Perlitz would interact and was interacting with individuals, including minors, and more specifically, was interacting with the Plaintiff.

50.     At all relevant times to this action, the Perlitz Supervisory Defendants had a special relationship with Defendant Perlitz or the Plaintiff.

51.     At all relevant times to this action, the Perlitz Supervisory Defendants had a duty of care to properly hire, retain, direct, and supervise individuals of good reputation and character who would be asked to interact with minors in the Republic of Haiti.

52.     At all relevant times to this action, the Perlitz Supervisory Defendants negligently breached said duty by hiring and retaining Defendant Perlitz, an individual whom the Perlitz Supervisory Defendants knew or should have known was of bad character and reputation and unable to properly interact with minors.  The Perlitz Supervisory Defendants improperly and inadequately directed and supervised Defendant Perlitz.

16

Lynch, Traub, Keefe and Errante, p. c.   Attorneys at Law
52 Trumbull Street   p.o. box 1612   New Haven, Connecticut 06506-1612
TELEPHONE (203) 787-0275   FACSIMILE (203) 782-0278

53.     At all relevant times to this action, the Perlitz Supervisory Defendants knew or should have known that Defendant Perlitz's intentional and negligent conduct would result in severe mental and emotional suffering by the Plaintiff.

54.     As a direct and proximate result of the Perlitz Supervisory Defendants' negligent conduct, the Plaintiff suffered and will continue to suffer in the future: severe and permanent mental distress and emotional injuries, financial expenses for medical and therapeutic care and treatment; lost long-term earning capacity; as well as other damages.

**Count VIII**:     **Negligent Hiring, Retention, Direction, and Supervision (Plaintiff v. Defendants Haiti Fund, Inc., Fairfield University, The New England Jesuit Order, John Doe Eleven and John Doe Twelve)**

55.     The Plaintiff repeats, realleges, and incorporates by reference herein each and every allegation heretofore pleaded in this Complaint.

56.     At all relevant times to this action, the responsibilities of Haiti Fund, Inc., Fairfield University, The New England Jesuit Order, John Doe Eleven and John Doe Twelve (hereinafter referred to as the "Father Carrier Supervisory Defendants") included the hiring, retention, direction, and supervision of Defendant Father Carrier.

57.     At all relevant times to this action, the Father Carrier Supervisory Defendants knew or should have known that Defendant Father Carrier was directly managing, supervising, controlling and directing Defendant Perlitz who the Father Carrier Supervisory Defendants knew

17

or should have known was interacting with minors, and more specifically, was interacting with the Plaintiff.

58.     At all relevant times to this action, the Father Carrier Supervisory Defendants had a special relationship with Defendant Father Carrier or the Plaintiff.

59.     At all relevant times to this action, the Father Carrier Supervisory Defendants had a duty of care to properly hire, retain, direct, and supervise individuals of good reputation and character who directly managed, supervised, controlled and directed Defendant Perlitz who was interacting on a daily basis with extremely vulnerable minors in the Republic of Haiti.

60.     At all relevant times to this action, the Father Carrier Supervisory Defendants negligently breached said duty by hiring and retaining Father Carrier, an individual whom the Father Carrier Supervisory Defendants knew or should have known was of bad character and reputation and unable to properly manage, supervise, control and direct Defendant Perlitz who was interacting on a daily basis with extremely vulnerable minors in the Republic of Haiti.  The Father Carrier Supervisory Defendants improperly and inadequately directed and supervised Defendant Father Carrier.

61.     At all relevant times to this action, the Father Carrier Supervisory Defendants knew or should have known that Defendant Father Carrier's intentional and negligent conduct would result in severe mental and emotional suffering by the Plaintiff.

18

62.     As a direct and proximate result of the Father Carrier Supervisory Defendants' negligent conduct, the Plaintiff suffered and will continue to suffer in the future: severe and permanent mental distress and emotional injuries, financial expenses for medical and therapeutic care and treatment; lost long-term earning capacity; as well as other damages.

**Count IX:**     **Breach of Fiduciary Duty (Plaintiff v. Defendants Father Carrier, Carter, Haiti Fund, Inc., Fairfield University, The New England Jesuit Order, and John Doe One Through John Doe Twelve)**

63.     The Plaintiff repeats, realleges, and incorporates by reference herein each and every allegation heretofore pleaded in this Complaint.

64.     At all relevant times, Defendants Father Carrier, Carter, Haiti Fund, Inc., Fairfield University, The New England Jesuit Order, and John Doe One through John Doe Twelve knew Project Pierre Toussaint, operated, managed and controlled by Defendant Perlitz was providing services to extremely vulnerable minors in the Republic of Haiti.

65.     At all relevant times, Defendants Father Carrier, Carter, Haiti Fund, Inc., Fairfield University, The New England Jesuit Order, and John Doe One through John Doe Twelve sponsored and promoted Project Pierre Toussaint which the Defendants knew was providing services to extremely vulnerable minors in the Republic of Haiti.

66.     Defendants Father Carrier, Carter, Haiti Fund, Inc., Fairfield University, The New England Jesuit Order, and John Doe One through John Doe Twelve each had a fiduciary

19

obligation to the Haitian minors participating in Project Pierre Toussaint, specifically including the Plaintiff.

67.     Defendants Father Carrier, Carter, Haiti Fund, Inc., Fairfield University, The New England Jesuit Order, and John Doe One through John Doe Twelve each breached their fiduciary duty to the Plaintiff.

68.     As a direct and proximate result of the breach of fiduciary duty by Defendants Father Carrier, Carter, Haiti Fund, Inc., Fairfield University, The New England Jesuit Order, and John Doe One through John Doe Twelve, the Plaintiff suffered and will continue to suffer in the future: severe and permanent mental distress and emotional injuries, financial expenses for medical and therapeutic care and treatment; lost long-term earning capacity; as well as other damages.

**Count X:**     **Vicarious Liability (Plaintiff v. Defendants Father Carrier, Carter, Haiti Fund, Inc., Fairfield University, The New England Jesuit Order, John Doe Six, John Doe Seven, John Doe Eight, John Doe Nine, and John Doe Ten)**

69.     The Plaintiff repeats, realleges, and incorporates by reference herein each and every allegation heretofore pleaded in this Complaint.

70.     At all relevant times Defendant Haiti Fund, Inc. funded, managed, controlled and directed Project Pierre Toussaint.  At all relevant times, Defendant Perlitz was Defendant Haiti

Lynch, Traub, Keefe and Errante, p. c.   Attorneys at Law
52 Trumbull Street   p.o. box 1612   New Haven, Connecticut 06506-1612
Telephone (203) 787-0275   Facsimile (203) 782-0278

Fund, Inc.'s agent in the Republic of Haiti managing, controlling and directing Project Pierre Toussaint.

71.     At all relevant times Defendant Father Carrier was Chairman and President of the Haiti Fund, Inc.  At all relevant times, Defendant Carter was a member of the Board of Directors of the Haiti Fund, Inc., and at relevant times Defendant Carter was Secretary of the Board of Directors of the Haiti Fund, Inc.  On numerous occasions Defendants Father Carrier and Carter traveled to Haiti to manage and oversee Project Pierre Toussaint.   At all relevant times Defendant Perlitz acted as an agent of Defendants Father Carrier and Carter.

72.     At all relevant times, Defendant Fairfield University had placed employees, officers, or agents of Defendant Fairfield University in management and/or leadership positions of Defendant Haiti Fund, Inc.   At all relevant times, Defendant Fairfield University had represented that Project Pierre Toussaint was engaged in activities supported, managed and sponsored by Defendant Fairfield University.  At all relevant time Defendant Perlitz acted as an agent of Defendant Fairfield University.

73.     At relevant times Defendant Perlitz acted as an agent of Defendants John Doe Six, John Doe Seven, John Doe Eight, John Doe Nine, and John Doe Ten.

74.     Through Project Pierre Defendant Perlitz was in a position that the minor boys participating in Project Pierre Toussaint would believe they could trust Defendant Perlitz.

21

Through Project Pierre Toussaint, Defendant Perlitz was in a position that the minor boys participating in Project Pierre Toussaint would have confidence that the conduct Defendant Perlitz engaged in was to further the best interests of the minor boys.

75.     Defendant Perlitz used the existence of his agency relationship with Defendants Haiti Fund, Inc., Father Carrier, Carter, Fairfield University, John Doe Six, John Doe Seven, John Doe Eight, John Doe Nine, and John Doe Ten to gain the trust and confidence of Plaintiff so that Defendant Perlitz could sexually molest Plaintiff.  As described above Defendant Perlitz using the existence of his agency relationship with Defendants Haiti Fund, Inc., Father Carrier, Carter, Fairfield University, John Doe Six, John Doe Seven, John Doe Eight, John Doe Nine, and John Doe Ten did sexually abuse Plaintiff.

76.     As a direct and proximate result of Defendant Perlitz using the existence of his agency relationship with Defendants Haiti Fund, Inc., Father Carrier, Carter, Fairfield University, John Doe Six, John Doe Seven, John Doe Eight, John Doe Nine, and John Doe Ten to sexually molest Plaintiff, the Plaintiff suffered and will continue to suffer in the future: severe and permanent mental distress and emotional injuries, financial expenses for medical and therapeutic care and treatment; lost long-term earning capacity; as well as other damages.

22

WHEREFORE, the Plaintiff respectfully demands judgment of $20,000,000 in damages against each Defendant for each count in which each Defendant is named, plus costs, interest, attorneys' fees, and such other and further relief as this Court deems just and equitable.

## JURY TRIAL DEMAND

Plaintiff demands a trial by jury on all claims.

By Plaintiff's Attorney,

/s/     Steven J. Errante (ct04292)
        Marisa A. Bellair (ct23802)
        Nancy F. Myers (ct24353)
        LYNCH, TRAUB, KEEFE & ERRANTE, P.C.
        52 Trumbull Street
        P.O. Box 1612
        New Haven, CT 06510
        Telephone:  203-787-0275
        Facsimile:  203-782-0278
        SErrante@ltke.com

*Of Counsel*:
Mitchell Garabedian, BBO #184760
William H. Gordon, BBO#545378
LAW OFFICES OF MITCHELL GARABEDIAN
100 State Street, 6th Floor
Boston, MA 02109
Telephone:  617- 523-6250

Paul J. Hanly, Jr.
Jayne Conroy
Andrea Bierstein
HANLY CONROY BIERSTEIN SHERIDAN
FISHER & HAYES LLP
112 Madison Ave., 7th floor
New York, New York 10016
Telephone:  212-784-6403