UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

---------------------------------------------------------------------------x
JOSEPH JEAN-CHARLES, a/k/a JEAN-CHARLES :
JOSEPH, :
  :
                    Plaintiff, : Civil Action No.
  : 3:11-cv-00614 JCH
      -against- :
  :
DOUGLAS PERLITZ, FATHER PAUL E. :
CARRIER, S.J., HOPE E. CARTER, HAITI FUND, INC., :
FAIRFIELD UNIVERSITY, THE SOCIETY OF JESUS :
OF NEW ENGLAND, JOHN DOE ONE, JOHN DOE :
TWO, JOHN DOE THREE, JOHN DOE FOUR, JOHN :
DOE FIVE, JOHN DOE SIX, JOHN DOE SEVEN, :
JOHN DOE EIGHT, JOHN DOE NINE, JOHN DOE :
TEN, JOHN DOE ELEVEN and JOHN DOE TWELVE, :
  :
                  Defendants. : November 16, 2011
---------------------------------------------------------------------------x

## ANSWER OF HAITI FUND, INC.

      Defendant Haiti Fund, Inc. (the "Haiti Fund"), by its undersigned attorneys, for its answer to the Complaint (the "Complaint") of the plaintiff:

    1.    Denies the allegations contained in Paragraph 1 of the Complaint, except admits that Project Pierre Toussaint ("PPT") provided services to the poorest children of Haiti, many of whom lacked homes and regular meals, that defendant Douglas Perlitz ("Perlitz") founded PPT and was at one time its director, and that Perlitz pleaded guilty to violating 18 U.S.C. § 2423(b).

    2.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 2 of the Complaint.

    3.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 3 of the Complaint.

4.  Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 4 of the Complaint, except admits that Perlitz was once a resident of the State of Connecticut, that on or about August 18, 2010 Perlitz pleaded guilty to violating 18 U.S.C. § 2423(b) by traveling on June 6, 2005 for the purpose of engaging in illicit sexual conduct with one minor boy in Haiti, and that on or about December 21, 2010 Perlitz was sentenced to serve 19 years and 7 months in federal prison.

5.  Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 5 of the Complaint except admits that defendant Father Paul E. Carrier, S.J. ("Father Carrier") was at all relevant times a religious priest of The Society of Jesus of New England, University Chaplain of Fairfield University, and was at one time the chairman and/or president of the Haiti Fund.

6.  Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6 of the Complaint, except admits that defendant Hope E. Carter ("Carter") was at one time a member of the Board of Directors of the Haiti Fund and Secretary of the corporation.

7.  Denies the allegations contained in Paragraph 7 of the Complaint, except admits that the Haiti Fund is a Connecticut not-for-profit corporation, that it provided certain funding for PPT operations, and that Perlitz was at one time the director of PPT.

8.  Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8 of the Complaint.

9.  Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9 of the Complaint.

10. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 10 of the Complaint.

11. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11 of the Complaint.

12. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12 of the Complaint.

13. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 13 of the Complaint, except admits that Perlitz started and operated PPT, which provided services including meals, bathing facilities, classroom instruction, and sports activities to boys, many of whom were street children, in Cap-Haitien, Haiti, and that Perlitz employed various other persons to work at PPT.

14. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14 of the Complaint.

15. Denies the allegations contained in Paragraph 15 of the Complaint insofar as they refer to the Haiti Fund, and denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in the remainder of said Paragraph.

16. Denies the allegations contained in Paragraph 16 of the Complaint insofar as they refer to the Haiti Fund, and denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in the remainder of said Paragraph.

17. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 17 of the Complaint.

18. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 18 of the Complaint.

19. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 19 of the Complaint.

20. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 20 of the Complaint.

21. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 21 of the Complaint.

## COUNT I

22. With respect to the allegations contained in Paragraph 22 of the Complaint, defendant repeats and realleges each and every admission and denial heretofore made, with the same force and effect as if hereinafter fully set forth at length.

23. Admits that Perlitz has admitted to one violation of 18 U.S.C. § 2423(b) which occurred on June 6, 2005, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 23 of the Complaint.

24. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 24 of the Complaint.

## COUNT II

25. With respect to the allegations contained in Paragraph 25 of the Complaint, defendant repeats and realleges each and every admission and denial heretofore made, with the same force and effect as if hereinafter fully set forth at length.

26. Admits that Perlitz has admitted to one violation of 18 U.S.C. § 2423(b) which occurred on June 6, 2005, denies that the Haiti Fund aided and abetted any wrongful conduct by Perlitz as alleged in Paragraph 26 of the Complaint, and otherwise denies knowledge or

information sufficient to form a belief as to the truth of the allegations contained in said Paragraph,

27. Denies that the Haiti Fund aided and abetted any wrongful conduct by Perlitz as alleged in Paragraph 27 of the Complaint, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in said Paragraph.

28. Denies that the Haiti Fund aided and abetted or assisted any wrongful conduct by Perlitz as alleged in Paragraph 28 of the Complaint, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in said Paragraph.

**COUNT III**

29. With respect to the allegations contained in Paragraph 29 of the Complaint, defendant repeats and realleges each and every admission and denial heretofore made, with the same force and effect as if hereinafter fully set forth at length.

30. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 30 of the Complaint.

31. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 31 of the Complaint.

32. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 32 of the Complaint.

**COUNT IV**

33. With respect to the allegations contained in Paragraph 33 of the Complaint, defendant repeats and realleges each and every admission and denial heretofore made, with the same force and effect as if hereinafter fully set forth at length.

34. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 34 of the Complaint.

35. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 35 of the Complaint.

## COUNT V

36. With respect to the allegations contained in Paragraph 36 of the Complaint, defendant repeats and realleges each and every admission and denial heretofore made, with the same force and effect as if hereinafter fully set forth at length.

37. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 37 of the Complaint.

38. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 38 of the Complaint.

39. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 39 of the Complaint.

40. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 40 of the Complaint.

## COUNT VI

41. With respect to the allegations contained in Paragraph 41 of the Complaint, defendant repeats and realleges each and every admission and denial heretofore made, with the same force and effect as if hereinafter fully set forth at length.

42. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 42 of the Complaint.

43. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 43 of the Complaint.

44. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 44 of the Complaint.

45. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 45 of the Complaint.

46. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 46 of the Complaint.

## COUNT VII

47. With respect to the allegations contained in Paragraph 47 of the Complaint, defendant repeats and realleges each and every admission and denial heretofore made, with the same force and effect as if hereinafter fully set forth at length.

48. Denies the allegations contained in Paragraph 48 of the Complaint.

49. Denies the allegations contained in Paragraph 49 of the Complaint.

50. Denies the allegations contained in Paragraph 50 of the Complaint.

51. Denies the allegations contained in Paragraph 51 of the Complaint.

52. Denies the allegations contained in Paragraph 52 of the Complaint.

53. Denies the allegations contained in Paragraph 53 of the Complaint.

54. Denies the allegations contained in Paragraph 54 of the Complaint.

## COUNT VIII

55. With respect to the allegations contained in Paragraph 55 of the Complaint, defendant repeats and realleges each and every admission and denial heretofore made, with the same force and effect as if hereinafter fully set forth at length.

56. Denies the allegations contained in Paragraph 56 of the Complaint.

57. Denies the allegations contained in Paragraph 57 of the Complaint.

58. Denies the allegations contained in Paragraph 58 of the Complaint.

59. Denies the allegations contained in Paragraph 59 of the Complaint.

60. Denies the allegations contained in Paragraph 60 of the Complaint.

61. Denies the allegations contained in Paragraph 61 of the Complaint.

62. Denies the allegations contained in Paragraph 62 of the Complaint.

## COUNT IX

63. With respect to the allegations contained in Paragraph 63 of the Complaint, defendant repeats and realleges each and every admission and denial heretofore made, with the same force and effect as if hereinafter fully set forth at length.

64. Admits that the Haiti Fund knew that PPT, which was operated, managed and controlled by Perlitz, was providing services to minors in Haiti, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 64 of the Complaint.

65. Admits that the Haiti Fund knew that PPT was providing services to minors in Haiti, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 65 of the Complaint.

66. Denies the allegations contained in Paragraph 66 of the Complaint.

67. Denies the allegations contained in Paragraph 67 of the Complaint.

68. Denies the allegations contained in Paragraph 68 of the Complaint.

**COUNT X**

69. With respect to the allegations contained in Paragraph 69 of the Complaint, defendant repeats and realleges each and every admission and denial heretofore made, with the same force and effect as if hereinafter fully set forth at length.

70. Denies the allegations contained in Paragraph 70 of the Complaint except admits that the Haiti Fund provided certain funding for PPT.

71. Denies the allegations contained in Paragraph 71 of the Complaint except admits that during a certain period of time Father Carrier was the Chairman and/or President of the Haiti Fund and that Carter was at one time a member of the Board and Secretary of the corporation.

72. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 72 of the Complaint.

73. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 73 of the Complaint.

74. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 74 of the Complaint.

75. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 75 of the Complaint.

76. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 76 of the Complaint.

**AFFIRMATIVE DEFENSES**

FIRST AFFIRMATIVE DEFENSE

77. The Complaint fails to state a claim upon which relief may be granted as against the Haiti Fund.

## SECOND AFFIRMATIVE DEFENSE

78.   The claims alleged in the Complaint are barred in whole or in part by the applicable statute of limitations.

## THIRD AFFIRMATIVE DEFENSE

79.   As the Complaint alleges, Perlitz founded PPT in or about 1997, before the Haiti Fund even existed. The Haiti Fund did not establish, operate or manage PPT. Likewise the Haiti Fund did not hire Perlitz to work at PPT and it did not direct, supervise, control or manage the activities of Perlitz at PPT. Nor did the Haiti Fund have any duty to direct, supervise or manage Perlitz's activities at PPT.

## FOURTH AFFIRMATIVE DEFENSE

80.   Upon information and belief, all of the acts and omissions complained of by plaintiff occurred in Haiti. None occurred within the United States.  Inasmuch as plaintiff is a citizen of Haiti who allegedly suffered injury in Haiti as a result of certain acts and omissions that allegedly occurred only in Haiti, plaintiff's claims against the Haiti Fund may not be predicated upon the laws of the United States or upon the laws of the State of Connecticut or any other U.S. state.

## FIFTH AFFIRMATIVE DEFENSE

81.   The Haiti Fund had no actual or constructive knowledge of any sexual misconduct or other wrongdoing by Perlitz at any time during the period referred to in the Complaint.

## SIXTH AFFIRMATIVE DEFENSE

82.   The Haiti Fund first became of aware of allegations of sexual misconduct by Perlitz in Haiti in the latter part of 2007. This was after the periods of time alleged in the complaint during which plaintiff was allegedly sexually abused by Perlitz. Upon learning of such

allegations, which did not specifically concern the plaintiff, the Haiti Fund promptly launched an investigation of the allegations and took all reasonably appropriate action to protect the safety and interests of the children served by PPT. The Haiti Fund was never aware of any sexual abuse, illicit sexual conduct, or other wrongdoing by Perlitz with respect to the plaintiff in this action.

SEVENTH AFFIRMATIVE DEFENSE

83.  The Haiti Fund did not at any time assist, aid or abet Perlitz in his commission of any of the wrongful acts alleged in the Complaint, nor did it ever intend to do so.

EIGHTH AFFIRMATIVE DEFENSE

84.  Upon information and belief, Father Carrier did not direct, manage, supervise or control the activities of Perlitz at PPT, the Haiti Fund did not hire Father Carrier to direct, manage, supervise, or control the activities of Perlitz at PPT, and the Haiti Fund did not direct, supervise, control or manage the activities of Father Carrier in connection with any of his activities concerning PPT or Perlitz. Nor did the Haiti Fund have any duty to direct, manage, supervise, or control Father Carrier in connection with any of his activities concerning PPT or Perlitz.

NINTH AFFIRMATIVE DEFENSE

85.  The Haiti Fund had no actual or constructive knowledge of any intentional misconduct, negligence, or other alleged wrongdoing by Father Carrier at any time during the period referred to in the Complaint.

WHEREFORE, the Haiti Fund demands judgment dismissing the Complaint in its entirety, awarding defendant its costs and disbursement in this action, and granting defendant such other and further relief as the Court may deem just and proper.

HAITI FUND, INC.

By /s/ John T. Shaban
John T. Shaban (CT14075)
Whitman Breed Abbott & Morgan LLC
500West Putnam Avenue
Greenwich, CT 06830
(203) 869-3800 (telephone)
(203) 869-1951 (facsimile)
jshaban@wbamct.com

## CERTIFICATE OF SERVICE

I hereby certify that on November 16, 2011 a copy of the foregoing Answer was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's CM/ECF System.

A copy of the foregoing pleading was mailed by regular mail, postage prepaid to the following:

*Defendant*

Douglas Perlitz
Inmate #36435-013
Seagoville Federal Correctional Institution
P.O. Box 9000
Seagoville, TX 75159

                                               By __/s/ John T. Shaban_____
                                               John T. Shaban (CT14075)
                                               Whitman Breed Abbott & Morgan LLC
                                               500West Putnam Avenue
                                               Greenwich, CT 06830
                                               (203) 869-3800 (telephone)
                                               (203) 869-1951 (facsimile)
                                               *jshaban@wbamct.com*