**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| JOSEPH JEAN-CHARLES, a/k/a JEAN-CHARLES JOSEPH,<br><br>    Plaintiff<br><br>v.<br><br>DOUGLAS PERLITZ; FATHER PAUL E. CARRIER, S.J.; HOPE E. CARTER; HAITI FUND, INC.; FAIRFIELD UNIVERSITY; THE SOCIETY OF JESUS OF NEW ENGLAND; SOVEREIGN MILITARY HOSPITALLER ORDER OF ST. JOHN OF JERUSALEM OF RHODES AND OF MALTA, AMERICAN ASSOCIATION, U.S.A., a/k/a ORDER OF MALTA, AMERICAN ASSOCIATION, USA; JOHN DOE ONE; JOHN DOE TWO; JOHN DOE THREE; JOHN DOE FOUR; JOHN DOE FIVE; JOHN DOE SIX; JOHN DOE SEVEN; JOHN DOE EIGHT; JOHN DOE NINE; JOHN DOE TEN; JOHN DOE ELEVEN; and JOHN DOE TWELVE,<br><br>    Defendants. | Civil Action No.: 3:11-cv-00614-RNC<br><br>*Consolidated with:*<br>11-CV-00812<br>11-CV-01966<br>12-CV-00009<br>12-CV-00010<br>12-CV-00011<br>12-CV-00012<br>12-CV-00013<br>12-CV-00014<br>12-CV-00015<br>12-CV-00016<br>12-CV-00018<br>12-CV-00019<br>12-CV-00020<br>12-CV-00021<br>12-CV-00022<br>12-CV-00023<br>12-CV-00026<br>12-CV-00027<br>12-CV-00028 |
| *This document applies to:*<br>All consolidated cases | |

August 9, 2012

# PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR RECUSAL

## INTRODUCTION

At a hearing before the Court on August 7, 2012, this Court raised the question whether there might be an appearance of impropriety in the Court hearing this case, because of the Court's association with Georgetown University, an institution run by the Maryland Province of the Society of Jesus, an affiliate of defendant The Society of

1

Jesus of New England. Upon consideration of the issue, and consideration of remarks of the Court at the August 7 hearing, Plaintiffs now believe that an appearance of impropriety does exist and respectfully request that the Court recuse itself to avoid this appearance. Because there is a related case already pending before Judge Arterton, Plaintiff also respectfully requests that this case, and all the cases consolidated with it, be transferred to Judge Arterton for consolidation with that additional case.

## FACTUAL BACKGROUND

These consolidated cases arise from the sexual molestation of at least twenty-three Haitian boys by Defendant Douglas Perlitz ("Perlitz"), while Perlitz was operating a residential school, Project Pierre Toussaint ("PPT"), in Haiti under the auspices and supervision of Defendants Fairfield University, the Society of Jesus of New England (the "New England Province"), the Haiti Fund, Inc., the Sovereign Military Hospitaller Order of St. John of Jerusalem of Rhodes and of Malta, American Association, U.S.A. (a/k/a Order of Malta, American Association, USA), Hope Carter ("Carter"), and Father Paul E. Carrier, S.J. Plaintiffs allege that the defendants (other than Perlitz) are liable for damages arising from Perlitz's crimes, because of their own negligence and breach of fiduciary duties, by the doctrine of vicarious liability, and/or under federal and international law.

By order dated January 19, 2012, this Court (Hall, J.), consolidated 19 actions with the lead case, so that there are pending before this Court 20 related actions on behalf of 21 plaintiffs. On May 23, 2012, an additional action captioned *Jesula v. Perlitz et al.*, 3:12-cv-00775 (D. Conn.), was filed against the same defendants named in these cases arising out of substantially the same events. The *Jesula* case is currently pending before Judge Arterton. On July 17, 2012, an action captioned *Michel v. Perlitz et al.*, 3:12-cv-1043 (D. Conn.), was filed, also against the same defendants and also arising

substantially from the same events; on July 25, 2012, that case was transferred to this Court. The parties had previously agreed that it would be appropriate for both *Jesula* and *Michel* to be consolidated with the 20 cases that were the subject of the January 19 Order.[1]

## LEGAL STANDARD

Section 455(a) of Title 28 of the United States Code provides: "Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." Section 455(b) provides for disqualification under certain specified circumstances, including where the judge or a spouse has an "interest that could be substantially affected by the outcome of the proceeding. . . ." "What matters is not the reality of bias or prejudice but its appearance. Quite simply and quite universally, recusal was required whenever impartiality might reasonably be questioned." *Liteky v. United States*, 510 U.S. 540, 548, 114 S. Ct. 1147, 1154, 127 L. Ed. 2d 474 (1994).

## I. THIS COURT'S ONGOING RELATIONSHIP WITH GEORGETOWN UNIVERSITY CREATES AN APPEARANCE OF IMPROPRIETY

At the August 7, 2012 hearing in this matter, this Court informed the parties that, not only had he attended Georgetown University Law Center ("Georgetown Law"), but also had remained active as an alumnus of that institution. As the Court is aware, Georgetown Law is part of Georgetown University, which describes itself on its website as "the oldest Catholic and Jesuit institute of higher learning in the United States." Georgetown University is operated by the Maryland Province of the Society of Jesus

---

[1] Although the *Michel* case has been transferred to this Court, it has not been formally consolidated with the lead case and the 19 other consolidated cases. Plaintiffs respectfully suggest that *Michel* be consolidated herewith so that any order of recusal and/or transfer would apply to *Michel* as well.

("Maryland Province"), an administrative region of the Society of Jesus. There are nine such regions in the United States (and many more worldwide), of which Defendant New England Province is one. The Court's affiliation with Georgetown Law creates an appearance of impropriety for two reasons.

First, Georgetown University, like defendant Fairfield University, is a Jesuit institution, operated by a province of the Society of Jesus. Both schools are part of the Association of Jesuit Colleges and Universities. The Court's apparently close ties to one such institution may make it difficult for the Court to be impartial with respect to imposing liability on another such institution. This is especially true because the President of Fairfield University, the Rev. Jeffrey von Arx, S.J., himself is closely affiliated with Georgetown University, where he previously served as chairman of the History Department. Von Arx is certain to be a witness in this case, and his ties to Georgetown University, and the Court's, may create an appearance of impropriety.

Second, in these actions, Plaintiffs have alleged that Jesuits in training were sent to PPT as part of their work as Jesuits. *See* 3AC ¶ 35.[2] While it appears that some of these Jesuits were affiliated with the New England Province (and Plaintiffs have alleged that Jesuits from the New England Province were sent on missions outside the province and overseas, including to Haiti, *see* 3AC ¶ 33), it also appears that not all of the Jesuits sent to PPT were from the New England province. As discovery proceeds in this case, the Maryland Province may turn out to be implicated in the events at PPT, if Jesuits from the Maryland Province were present there during the molestations that give rise to Plaintiffs' claims. Members of the Maryland Province, including Jesuits affiliated with

---

[2] Citations in the form "3AC ¶ __" refer to paragraphs of the Third Amended Complaint in the lead case, *Jean-Charles v. Perlitz, et al.*, 11-cv-00614-RNC. By Order of the Court dated March 26, 2012, identical pleadings were filed in the other consolidated cases.

Georgetown University, may be witnesses in this action. The possibility that Georgetown University may become embroiled in this action at a later date provides additional grounds for disqualification.

The Plaintiffs recognize that generally, a Court's affiliation with his university, or even ongoing involvement as an alumnus, is not sufficient to warrant recusal when his university is a party. *See generally Lunde v. Helms*, 29 F.3d 367 (8th Cir. 1994). But here, it is not simply the Court's involvement as an alumnus with Georgetown University. The Court itself expressed concern about its affiliation with Georgetown Law, presumably because it is also a Jesuit Institution. The Court's own concern about being affiliated with another Jesuit institution, and the fact that the Court believed this affiliation could be relevant, creates the appearance of impropriety in the Court continuing to sit where the Court itself has made a connection between one of the parties and this affiliation.

## II.   THE COURT'S REMARKS SUGGEST THAT THE COURT'S SPOUSE HAS AN INTEREST THAT COULD BE SUBSTANTIALLY AFFECTED BY THE OUTCOME OF THE PROCEEDING

At the hearing on August 7, 2012, the Court informed the parties that the judge's wife teaches at a private school that periodically sends students to a third-world country under a school-sanctioned program. Section 455(b) provides for disqualification where the judge or a spouse has an "interest that could be substantially affected by the outcome of the proceeding. . . ." The Court expressed concern that a ruling that some or all of the defendants could potentially be liable in this case could expose his wife and/or her colleagues to liability for conduct occurring in that country of which they had no knowledge. "Courts faced with construing subsection (b)(4) have inferred that 'any other interest that could be substantially affected' also means an interest in the subject matter of the litigation or a party to it." *In re Drexel Burnham Lambert Inc.*, 861 F.2d 1307, 1314 (2d Cir. 1988). Whether or not the judge's wife's

5

interests would, in fact, be substantially affected by a ruling in this case, the Court's remarks indicate that it harbors a concern that they could or would be. For this reason, too, this Court should disqualify itself and authorize transfer of the consolidated cases to a judge who is unencumbered by the apparent conflict of this Court.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that this Court disqualify itself pursuant to 28 U.S.C. § 455 and transfer these actions for consolidation with the *Jesula* case currently pending before Judge Arterton.

                LAW OFFICES OF MITCHELL GARABEDIAN

By: /s/ Mitchell Garabedian
Mitchell Garabedian (phv04676)
garabedianlaw@msn.com (phv04677)
William H. Gordon
garabedianlaw@earthlink.net
100 State Street, 6th Floor
Boston, MA 02109
Phone: (617) 523-6250

Paul J. Hanly, Jr. (phv04680)
phanly@hanlyconroy.com
Jayne Conroy (phv04679)
jconroy@hanlyconroy.com
Andrea Bierstein (phv04678)
abierstein@hanlyconroy.com
HANLY CONROY BIERSTEIN SHERIDAN FISHER & HAYES LLP
112 Madison Ave., 7th floor
New York, New York 10016
Phone: (212) 784-6400

Steven J. Errante (ct04292)
SErrante@ltke.com
Marisa A. Bellair (ct23802)
MBellair@ltke.com
LYNCH, TRAUB, KEEFE, & ERRANTE, P.C.

P.O. Box 1612
52 Trumbull Street
New Haven, CT 06510
Phone: (203) 787-0275
Fax: (203) 782-0278

Attorneys for Plaintiff

### CERTIFICATE OF SERVICE

This is to certify that on August 9, 2012, a copy of the foregoing Plaintiff's Memorandum of Law in Support of Motion for Recusal was filed electronically. Notice of this filing was sent by e-mail to all parties by operation of the Court's electronic filing system. The undersigned further certifies that on August 9, 2012, a copy of the foregoing was sent by mail to counsel for Defendant Douglas Perlitz listed below:

David T. Grudberg, Esq.
Carmody & Torrance LLP
195 Church Street
P.O. Box 1950
New Haven, CT 06509-1950
dgrudberg@carmodylaw.com

Parties may access this filing through the Court's CM/ECF System.

RESPECTFULLY SUBMITTED,

By Plaintiffs' Attorney,
By: /s/    Mitchell Garabedian
Mitchell Garabedian (phv04676)
LAW OFFICES OF MITCHELL GARABEDIAN
100 State Street, 6th Floor
Boston, MA 02109
Phone: (617) 523-6250