UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

JOSEPH JEAN-CHARLES,
a/k/a/ JEAN-CHARLES JOSEPH,

    Plaintiff,                          LEAD CASE NO.

V.                                3:11-CV-614(RNC)

DOUGLAS PERLITZ, et al.,

    Defendants.

RULING AND ORDER

    The plaintiffs in these consolidated cases allege that they were sexually abused by defendant Douglas Perlitz while he operated a residential school in Haiti under the auspices and supervision of the other defendants, Fairfield University, the Society of Jesus of New England ("the New England Province"), Haiti Fund, Inc., the Sovereign Military Hospitaller Order of St. John of Jerusalem of Rhodes and Malta, Hope Carter and Father Paul E. Carrier, S.J.  The plaintiffs claim that these other defendants are liable for damages under state, federal and international law because of their own negligence and breach of fiduciary duties.  Pending is a motion for recusal (doc. 238).  The motion seeks my disqualification from all the consolidated cases and transfer of the litigation to Judge Arterton.  Papers in opposition to the motion have been submitted by all the

defendants except Mr. Perlitz and Haiti Fund, Inc. (docs. 240, 242, 243, 245 and 246).  No party has requested oral argument.  After careful consideration of the parties' written submissions in light of the applicable law, I conclude that the motion must be denied for substantially the reasons stated by the defendants.

The recusal motion is based primarily on 28 U.S.C. § 455(a), which provides: "Any justice, judge or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned."  Under this part of the statute, disqualification is required when "an objective, disinterested observer fully informed of the underlying facts [would] entertain significant doubt that justice would be done absent recusal."  *United States v. Carlton*, 534 F.3d 97, 100 (2d Cir. 2008).  If this objective standard is not met, disqualification is prohibited.  *Aguinda v. Texas, Inc.*, 241 F.3d 194, 201 (2d Cir. 2001).

The plaintiffs state that my continuing to sit creates an appearance of impropriety because at oral argument on motions to dismiss filed in this case, I disclosed that I am an alumnus of Georgetown University Law Center and stated,

2

"I think if this were a case against Georgetown, I probably should not sit."[1]  The plaintiffs submit that, in view of my comments, my relationship with Georgetown could make it difficult for me to be impartial with respect to imposing liability on Fairfield University, another Jesuit institution whose President, the Rev. Jeffrey von Arx, S.J., previously served as chair of Georgetown's history department.  They further submit that there is a possibility Georgetown could become embroiled in this litigation if discovery shows that Jesuits in training affiliated with the Maryland Province of the Society of Jesus were sent to the school in Haiti during the relevant period of time.

The defendants respond that my relationship with Georgetown does not provide a basis for recusal under § 445(a) because a judge's involvement with a university as an active alumnus does not justify recusal even when the university itself is being sued.  *See, e.g.*, *Lunde v. Helms*, 29 F.3d 367, 370-71 (8th Cir. 1994) (in action by former medical student against university, recusal not warranted

---

[1]  In addition to graduating from Georgetown Law, I have hired law clerks from there in the past and contributed to its annual fund in the past.  Last year, I participated in one of its moot court programs as a judge.

3

because judge's graduation from university's law school, his
making of alumni contributions and his participation in
educational programs at the law school did not provide an
objectively reasonable basis for questioning his
impartiality); *Wu v. Thomas*, 996 F.2d 271, 275 (11th Cir.
1993) (in action by faculty members against university,
recusal not warranted because judge's active involvement as
university alumnus, his service as unpaid adjunct professor
at the university, his offer of internships to university's
law students, his annual donation to the university for
football tickets, and his plan to create a scholarship at
the university would not cause a reasonable observer to
question his impartiality); *Easley v. Univ. of Mich. Bd. Of
Regents*, 906 F.3d 1143, 146-47 (6th Cir. 1990) (in action by
former law student against university administrators and
faculty members, recusal not warranted because judge's
affiliations and activities as an active alumnus of the law
school failed to support a finding that his impartiality
might reasonably be questioned).  Under the objective
standard as it has been applied in these analogous cases, my
ties to Georgetown would not cause a disinterested observer
fully informed of the underlying facts to have a significant

4

doubt about my ability to be impartial in this litigation.
Therefore, I agree with the defendants that my ongoing
relationship with Georgetown does not provide a basis for
recusal.

The plaintiffs also invoke § 455(b)(4), which requires
recusal if the judge or his spouse has "any interest that
could substantially be affected by the outcome of the
proceeding."  They contend that recusal is proper under this
section of the statute because, in discussing the motions to
dismiss, I pointed out that my wife teaches at a private
secondary school that supports a nonprofit program for
disadvantaged youth in the developing world and periodically
sends students there to serve as volunteers.  They urge that
my remarks indicate that I harbor a concern that my spouse's
interests could be substantially affected by a ruling in
this case.  The defendants respond, correctly, that my
comments at the oral argument were in the nature of a
hypothetical, aimed at clarifying the plaintiff's theory of
liability, and, as such, do not support a motion to
disqualify.  *See Hynd v. City of Danbury*, No. 3:04cv888(SRU)
2006 WL 3746059, at *5 (D. Conn. Dec. 15, 2006).  They
further respond that the plaintiff's argument based on my

spouse's employment must be rejected because "there is only a remote and speculative possibility, if any, that a decision in this case will affect [her school] in any way, financially or otherwise," and if the plaintiff's theory were accepted as a basis for recusal, "[t]he list of opportunities for groundless recusal" would be "endless." *McCann v. Commc'ns Design Corp.*, 775 F. Supp. 1535, 1538, 1543-44 (D. Conn. 1991).  I agree.

Accordingly, the motion is hereby denied.

So ordered this 24th day of October 2012.

_____/s/ RNC_____
Robert N. Chatigny
United States District Judge
