IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| JOSEPH JEAN-CHARLES, aka JEAN-CHARLES JOSEPH,<br><br>Plaintiff,<br><br>vs.<br><br>DOUGLAS PERLITZ, et al.,<br><br>Defendants | Civ. A. No. 3:11-CV-00614 (RNC)<br><br><br>This document relates to:<br>*Jesula v. Perlitz,* No. 3:12-CV-00775(RNC) |

### FATHER CARRIER'S MEMORANDUM IN OPPOSITION TO THE PLAINTIFFS' MOTION FOR LEAVE TO FILE AMENDED COMPLAINT IN *JESULA*

The plaintiffs have sought leave to file an amended complaint in the *Jesula* case. The filing is contrary to agreements the plaintiffs made with the defendants and statements they made to the Court both before and after the *Jesula* case was filed. It is also contrary to Rule 16.

In this complex action, the plaintiffs should not be able to break their agreements and violate the Court's scheduling orders at will. The Court should refuse leave to file the new complaint, and it should carry out the plan it put in place, with the parties' agreement, at the scheduling conference: it should decide the pending motions to dismiss, and its decision should control in all of the cases that have been consolidated for pretrial purposes, including *Jesula*.[1]

---

[1] Father Carrier is opposing the plaintiffs' motion for leave to amend only on the grounds that the amendment is impermissible under Rule 16, not on the grounds that the amendment would be futile. *See generally Cuoco v. Mortisugu,* 222 F.3d 99, 112 (2d Cir. 2000) (leave to amend may be denied if the amendment would be futile). But if the motion for leave to amend is granted, Father Carrier reserves the right to move to dismiss the amended complaint on the grounds that it fails to state a claim on which relief can be granted. The thrust of Father Carrier's opposition to the motion for leave to amend is precisely that in the circumstances of this case, where the plaintiffs have already amended multiple times, where the plaintiffs expressly agreed not to amend again, and where Father Carrier has already had to file three motions to dismiss, Father Carrier should not be put to the expense of moving to dismiss yet again.

PROCEDURAL BACKGROUND

The plaintiffs filed the first of these consolidated cases, the *Jean-Charles* case, on April 18, 2011. The *Mesamour* case came shortly thereafter, on May 18. After the Court granted extensions of time, Father Carrier moved to dismiss the *Jean-Charles* and *Mesamour* complaints for failure to state a claim on November 16, 2011 (Docket No. 103).[2] Father Carrier's motion included a comprehensive memorandum of law that addressed each of the plaintiffs' statutory and common law claims.

On December 6, 2011, the day before their response to the motion to dismiss was due, the plaintiffs—at that time, still only the plaintiffs from *Jean-Charles* and *Mesamour*—amended their complaints (Docket No. 105).[3] The amended complaints alleged new facts and asserted new, complex, legal theories such as claims under customary international law among others. Again, Father Carrier prepared a lengthy and detailed motion to dismiss, which he filed on January 6, 2012. (Docket No. 126, 129).[4]

On January 4, two days before the new motions to dismiss were filed, and just days before the scheduling conference before Judge Hall in the *Jean-Charles* and *Mesamour* cases, the plaintiffs filed eighteen new actions. The new complaints differed from the amended complaints in *Jean-Charles* and *Mesamour* in some respects. Counsel for all of the parties agreed that all of the complaints should be treated together for purposes of motions to dismiss. They

---

[2] All references to docket numbers are references to the lead docket, *Jean-Charles v. Perlitz,* No. 11-614, unless otherwise noted. One of the defendants, the Haiti Fund, Inc., answered the complaints rather than moving to dismiss them. Another defendant, Douglas Perlitz, has failed to plead or otherwise defend, though the Clerk has not yet entered his default.
[3] They amended as of right in the *Jean-Charles* case and sought leave to amend in the *Mesamour* case, since in the latter case they had already filed an amended complaint as of right (Mesamour Docket No. 89). *See* Fed. R. Civ. P. 15(a)(2).
[4] Father Carrier also moved to strike certain allegations in the Amended Complaint (Docket No. 125). We do not discuss the motions to strike further here, other than to note that Father Carrier would seek to strike analogous allegations in the *Michel* amended complaint if required to respond to it.

described this agreement as an agreement for an "omnibus" motion to dismiss. As the plaintiffs' counsel told Judge Hall:

> We actually had a discussion amongst all counsel today. We have had other discussions to try to get a hold of the 21 plaintiff cases, 20 filed cases and we think—what we agreed to initially is a procedure at the pretrial stage of creating and we talked amongst ourselves and amongst defendants. They would agree since some of the later complaints are very similar but have some additional allegations that there be one omnibus motion to dismiss. We decide the threshold issues for all of the cases in one omnibus motion but we couldn't get to that until you would have all of the cases and that isn't quite the state now where we are.

(Tr. at 18:20 to 19:6).[5] In response to Judge Hall's question as to why she should not rule on the motions to dismiss already pending in the *Jean-Charles* and *Mesamour* cases, the plaintiffs' counsel said:

> … we would argue, though, the problem is because there's some substantive factual allegations that are in the newer ones, the argument would be that the ruling in this motion that we would fully argue, you would decide might not be applicable to the others.
>
> We're hoping to spare the court and the parties the burden, if you will, of the court deciding a motion that would not be on all fours perhaps with the additional 17 [sic] cases.

(Tr. at 19:11-20). And the Moving Defendants, explaining their decision to agree with the concept of an omnibus motion to dismiss, made it clear that their agreement depended on the plaintiff's representation

> that these later complaints would be their final version. Regardless of that the rules would be on the motion to dismiss, there would be no further amendment.
>
> THE COURT: No right to further amend?
>
> MS: LINSEY: That's correct. If we can get all the cases filed, we know we have all of them filed, we know we have the final operative version of the complaint, I think we're all in agreement that would be the most efficient.

(Tr. at 23:8-17). The plaintiffs expressly agreed:

---

[5] References to the transcript of the conference on January 9 conference before Judge Hall can be found at Docket No. 137. A true copy of the transcript is attached to this memorandum as Exhibit A for reference.

3

> THE COURT: Before I finish with you, **is that the plaintiffs' view?**
>
> MR. HANLY: **Yes.**

(Tr. at 23:18-20) (emphasis supplied).

In reliance on this agreement, Judge Hall directed the plaintiffs to amend the *Jean-Charles* and *Mesamour* complaints yet again to bring them into conformity with the later-filed complaints. (Tr. at 23:21 to 24:1). The judge made it clear that the plaintiffs had "confirm[ed] to [her]" that the most recent complaints were the "final plaintiffs' best shot" and that further amendments **"[w]ouldn't be permitted here** because in effect this is I would say the third time you folks have drafted a complaint for people in the circumstances your clients are in." (Tr. at 29:18-25) (emphasis supplied). And the plaintiffs agreed:

> MR. GORDON: **Yes, your Honor, I think that's correct.**

(Tr. at 30:1-2) (emphasis supplied). The judge gave the moving defendants twenty-days to move to dismiss the new, final versions of the complaints (Tr. at 36:20-21), and Father Carrier filed his omnibus motion to dismiss on January 30, 2012 (Docket No. 163). Last, the parties and the Court agreed to consolidation of the twenty actions then filed for pretrial purposes (Tr. at 40:21 to 41:7).

On March 13, 2012, after the omnibus motions to dismiss had been briefed, the plaintiffs moved for leave to amend their complaint. (Docket No. 192). This motion was not at odds with the scheduling order, because the purpose of the amendment was to add a new party defendant, the Order of Malta, rather than to change or expand the claims against the other defendants, who had already filed three motions to dismiss various iterations of the plaintiffs' complaints. Father Carrier, therefore, did not oppose the motion for leave to amend. Judge Hall, in an order dated March 26, 2012, ordered the plaintiffs to file conforming amendments to the complaints in each of the consolidated actions and ruled that "the pending Omnibus Motions to Dismiss shall be

treated as fully applicable to the Third Amended Complaint in each of the twenty cases." (Docket No. 203).

On April 11, 2012, Judge Hall entered a formal scheduling order in the consolidated cases (Docket No. 207). The scheduling order provided that all motions for leave to amend the complaint had to be filed by July 1, 2012, and that "[a]ny motion to amend … filed after [that date] will be governed by the good cause standard of Fed. R. Civ. P. 16(b)." (Docket No. 207 at 1).

After the consolidated cases were transferred to Judge Chatigny on April 13, 2012 (Docket No. 211), the plaintiffs filed the *Jesula* complaint (on May 23) and then the *Michel* complaint (on July 17). After the *Jesula* and *Michel* cases were filed, and in preparation for a status conference before Judge Chatigny, the parties submitted a Joint Status Report, in which they stated:

> **The parties agree that *Jesula* and *Michel* should be consolidated before this Court for pre-trial purposes, once returns of service have been filed.**
>
> **Further, the current deadline for a responsive pleading or dispositive motion in the *Jesula* case is August 17, 2012 … . The parties agree that the pending omnibus motions to dismiss … should apply to *Jesula* and *Michel* as if they had been consolidated at the time the motions were briefed.**

(Docket No. 232 at 8) (emphasis supplied).

On September 20, 2012, the defendants moved to consolidate *Jesula* and *Michel* with the other cases, as the parties had agreed (Docket No. 253). The plaintiffs opposed the motion, but only on the grounds that their (ultimately unsuccessful) motion to recuse Judge Chatigny was pending (Docket No. 254). They noted in their opposition that "After the recusal issue is resolved **Plaintiffs agree that it would then be appropriate to consider consolidating this matter [*Jesula*] with the twenty-one civil actions stating similar claims against the same Defendants.**" (Docket No. 254 at 2).

On October 31, 2012, after denying the recusal motion, the Court granted the defendants' motion to consolidate *Jesula* and *Michel* with the other cases (Docket No. 260). But despite the consolidation for pretrial purposes, to which they had repeatedly agreed before and after filing the *Jesula* and *Michel* complaints, and despite their agreement that they would not amend their complaints yet again, the plaintiffs sought leave to amend their complaint in *Jesula* and filed an amended complaint in *Michel* on November 12 and 13, respectively.

## ARGUMENT

Under Rule 15, where—as in *Jesula*—the plaintiff does not have a right to amend a complaint as a matter of course, the court is to grant leave for an amendment "when justice so requires." Fed. R. Civ. P. 15(a)(2). Ordinarily, "mere delay is not, of itself, sufficient to justify denial of a Rule 15(a) motion." *Parker v. Columbia Pictures Indus.,* 204 F.3d 326, 339 (2d Cir. 2000).

But under Rule 16, the Court must enter a scheduling order, and the scheduling order must include a deadline for amendment of the pleadings. See Fed. R. Civ. P. 16(b)(1) (scheduling order mandatory); Fed. R. Civ. P. 16(b)(3)(A) (time limits for amendments to pleadings). A scheduling order can be modified, but "only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). And unless modified, the scheduling order "controls the course of the action." Fed. R. Civ. P. 16(d). "Good cause", in this context, depends on the diligence of the plaintiff. *Parker,* 204 F.3d at 340. Prejudice to the defendants is also a factor. *See Kassner v. 2nd Ave. Delicatessen, Inc.,* 496 F.3d 229, 244-45 (2d Cir. 2007).

The plaintiffs' motion for leave to file the amended complaint in *Jesula* assumes that the liberal standard of Rule 15(a)(2), rather than the "good cause" standard of Rule 16(b), governs. This is plainly wrong. The Second Circuit has rejected the plaintiffs' argument and held, with the First, Eighth, Ninth, and Eleventh Circuits, that once the deadline for amendments has past, Rule

6

16's standard governs. *Parker,* 204 F.3d at 340. The plaintiffs make only the most cursory attempt to show that they have met the liberal standard of Rule 15, and they make *no* effort to show that they have met the correct standard, the "good cause" standard of Rule 16.

Here, the plaintiffs have not been diligent. They filed the *Jesula* case on May 23, 2012. Then they renewed their agreement that *Jesula* "should be consolidated before this Court for pre-trial purposes, once returns of service have been filed" and "that the pending omnibus motions to dismiss … should apply to *Jesula* ... as if [it] had been consolidated at the time the motions were briefed." (Docket No. 232 at 8). Then, approximately **four months** later, and with no explanation and no attempt to seek leave of court to disregard the scheduling order and their own agreements, the plaintiffs filed a new complaint. Most of the new factual allegations they wish to make appear to come from discovery the plaintiffs have obtained from various defendants. But most of the discovery was made available to the plaintiffs on June 29, 2012, and still they waited more than **four months** to amend.

Father Carrier would be prejudiced by having to respond to yet another version of the complaint. He has already had to file three motions to dismiss with accompanying memoranda of law, and yet another motion to dismiss would involve additional costs and delays. Moreover, his first motion to dismiss was filed more than a year ago, on November 16, 2011, and the most recent omnibus motion to dismiss, filed on January 30, 2012, has been pending for nearly a year. Further delay is both prejudicial in itself and contrary to the overall plan agreed by the parties and the Court, which involved allowing the plaintiffs to amend their complaints more than once to take what the Court called their "best shot" and then deciding whether the complaints state a claim for relief. Father Carrier has had to wait as the plaintiffs have made various tactical and procedural moves (for example, the multiple amendments to the pleadings, the motion to recuse

7

Judge Chatigny, the unsuccessful attempts to obtain entry of default in *Jesula* (*Jesula* Docket No. 59), the opposition to the motion to consolidate *Jesula* and *Michel* (Docket No. 254) despite the earlier agreement to consolidation) that have delayed and complicated matters. He is now entitled to a ruling, favorable or unfavorable, on the long-pending motions to dismiss on the pleadings as they now stand—or stood, before the plaintiffs' attempt to get another bite of the apple in *Jesula*.

## CONCLUSION

The Court should reject the plaintiffs' procedural gamesmanship and attempts to evade the Scheduling Order and their own agreements. For the foregoing reasons, the court should deny the plaintiffs' motion for leave to file an amended complaint in *Jesula*.

>Respectfully submitted,
>
>PAUL E. CARRIER, S.J.
>
>By his attorneys:
>
>/s/ Theodore J. Folkman
>Timothy P. O'Neill (phv04968)
>Theodore J. Folkman (phv04969)
>Amanda Moger Rettig (phv04967)
>MURPHY & KING, P.C.
>One Beacon St.
>Boston, Mass. 02108
>(617) 423-0400
>tpo@murphyking.com
>tjf@murphyking.com
>amr@murphyking.com
>
>Gene S. Winter (ct05137)
>Erin R. Woelker (ct27552)
>ST. ONGE STEWARD JOHNSTON & REENS LLC
>986 Bedford St.
>Stamford, Conn. 06905
>(203) 324-6155
>gwinter@ssjr.com; ewoelker@ssjr.com

Dated:  December 4, 2012

CERTIFICATE OF SERVICE

I hereby certify that on December 4, 2012, a copy of the foregoing document was filed electronically. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's CM/ECF system.

The undersigned further certifies that December 4, 2012, a copy of the foregoing document was sent by mail to defendant Haiti Fund, who is unable to accept electronic service, as follows:

>Haiti Fund, Inc.
>c/o Michael McCooey
>Chairman
>475 Polly Park Road
>Rye, NY 10580

In addition, a copy of the foregoing document was sent by mail to counsel for defendant Douglas Perlitz, who is unable to accept electronic service, as follows:

>David T. Grudberg, Esq.
>Carmody & Torrance, LLP
>195 Church Street
>P.O. Box 1950
>New Haven, CT 06509-1950

/s/ Theodore J. Folkman

640355