IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| JOSEPH JEAN-CHARLES, aka JEAN-CHARLES JOSEPH,<br><br>    Plaintiff,<br><br> vs.<br><br>DOUGLAS PERLITZ, et al.,<br><br>    Defendants | Lead Civil Action No. 3:11-CV-00614 (RNC) |
| This document applies to:<br>*Michel v. Perlitz,* No. 3:12-CV-01043(RNC) | December 4, 2012 |

**MEMORANDUM IN SUPPORT OF MOVING DEFENDANTS'
MOTION TO STRIKE THE *MICHEL* AMENDED COMPLAINT UNDER
FED. R. CIV. P. 15(A)(2) AND 16(B) AND LOCAL RULE 16(B)**

The plaintiffs' counsel has filed an amended complaint in the *Michel* case. The filing is

contrary to agreements the plaintiffs made with the defendants and statements they made to the

Court both before and after the *Michel* case was filed. It is also contrary to Fed. R. Civ. P.

15(a)(2) and 16(b) and Local Rule 16(b).

In this complex action, the plaintiffs should not be able to break their agreements and

violate the Court's scheduling orders at will. The defendants The Society of Jesus of New

England, Fairfield University, the Sovereign Military Hospitaller Order of St. John of Jerusalem

of Rhodes and of Malta, American Association, U.S.A., Paul E. Carrier, S.J., and Hope E. Carter

(collectively, the "Moving Defendants"), ask the Court to strike Michel's amended complaint

and to carry out the plan put in place, with the parties' agreement, at the January 9, 2012 Status

Conference: it should decide the pending motions to dismiss, and its decision should control in

all of the cases that have been consolidated for pretrial purposes, including *Michel.*

PROCEDURAL BACKGROUND

The plaintiffs' counsel filed the first of these consolidated cases, the *Jean-Charles* case, on April 18, 2011. The *Mesamour* case came shortly thereafter, on May 18. After the Court granted extensions of time, the Moving Defendants[1] moved to dismiss the *Jean-Charles* complaint (docket nos. 97, 101, 102, 103) and the *Mesamour* amended complaint (case no. 3:11-cv-812, docket nos. 81, 85, 86, 87) for failure to state a claim on November 16, 2011.[2] The Moving Defendants' motions included comprehensive memoranda of law that addressed each of the plaintiffs' statutory and common law claims.

On December 6, 2011, the day before their response to the motion to dismiss was due, the plaintiffs—at that time, still only the plaintiffs from *Jean-Charles* and *Mesamour*—amended their complaints. (Docket No. 105; Case No. 3:11-cv-812, Docket No. 89).[3] The amended complaints alleged new facts and asserted new, complex, legal theories such as claims under customary international law among others. Again, the Moving Defendants prepared lengthy and detailed motions to dismiss the *Jean-Charles* amended complaint (docket nos. 123, 126, 127, 129)[4] and oppositions to the *Mesamour* motion for leave to file a second amended complaint (case no. 3:11-cv-812, docket nos. 104, 105, 107), which they filed on January 6, 2012.

---

[1] Except the Order of Malta; the Order of Malta did not become a defendant until March 22, 2012. All references to the Moving Defendants that refer to events prior to the Order of Malta's entry into the case exclude the Order of Malta.

[2] All references to docket numbers are references to the lead docket, *Jean-Charles v. Perlitz,* No. 11-614, unless otherwise noted. One of the defendants, the Haiti Fund, Inc., answered the complaints rather than moving to dismiss them. Another defendant, Douglas Perlitz, has failed to plead or otherwise defend, though the Clerk has not yet entered his default.

[3] They amended as of right in the *Jean-Charles* case and sought leave to amend in the *Mesamour* case, since in the latter case they had already filed an amended complaint as of right (Mesamour Docket No. 89). *See* Fed. R. Civ. P. 15(a)(2).

[4] Father Carrier and the Society of Jesus also moved to strike certain allegations in the Amended Complaint (Docket No. 125, 129). We do not discuss the motions to strike further here, other than to note that Father Carrier and the Society of Jesus would seek to strike analogous allegations in the *Michel* amended complaint if required to respond to it.

On January 4, two days before the new motions to dismiss were filed, and just days before the scheduling conference before Judge Hall in the *Jean-Charles* and *Mesamour* cases, the plaintiffs filed seventeen new actions, raising the total number of actions against the defendants to twenty.  The new complaints differed from the amended complaints in *Jean-Charles* and *Mesamour* in some respects. Counsel for all of the parties agreed that all of the complaints should be treated together for purposes of motions to dismiss. They described this agreement as an agreement for an "omnibus" motion to dismiss. As the plaintiffs' counsel told Judge Hall:

> We actually had a discussion amongst all counsel today.  We have had other discussions to try to get a hold of the 21 plaintiff cases, 20 filed cases and we think—what we agreed to initially is a procedure at the pretrial stage of creating and we talked amongst ourselves and amongst defendants.  They would agree since some of the later complaints are very similar but have some additional allegations that there be one omnibus motion to dismiss. We decide the threshold issues for all of the cases in one omnibus motion but we couldn't get to that until you would have all of the cases and that isn't quite the state now where we are.

(Tr. at 18:20 to 19:6).[5] In response to Judge Hall's question as to why she should not rule on the motions to dismiss already pending in the *Jean-Charles* and *Mesamour* cases, the plaintiffs' counsel said:

> … we would argue, though, the problem is because there's some substantive factual allegations that are in the newer ones, the argument would be that the ruling in this motion that we would fully argue, you would decide might not be applicable to the others.

> We're hoping to spare the court and the parties the burden, if you will, of the court deciding a motion that would not be on all fours perhaps with the additional 17 [sic] cases.

---

[5] References to the transcript of the January 9, 2012 Status Conference before Judge Hall can be found at Docket No. 137. A true copy is attached as Exhibit A.

(Tr. at 19:11-20). And the Moving Defendants, explaining their decision to agree with the

concept of an omnibus motion to dismiss, made it clear that their agreement depended on the

plaintiff's representation

> that these later complaints would be their final version. Regardless of that the rules would
> be on the motion to dismiss, there would be no further amendment.
>
> THE COURT: No right to further amend?
>
> MS: LINSEY:          That's correct. If we can get all the cases filed, we know we have
> all of them filed, we know we have the final operative version of the complaint, I think
> we're all in agreement that would be the most efficient.

(Tr. at 23:8-17). The plaintiffs expressly agreed:

> THE COURT:          Before I finish with you, **is that the plaintiffs' view?**
>
> MR. HANLY: **Yes.**

(Tr. at 23:18-20) (emphasis supplied).

In reliance on this agreement, Judge Hall directed the plaintiffs to amend the *Jean-*

*Charles* and *Mesamour* complaints yet again to bring them into conformity with the later-filed

complaints. (Tr. at 23:21 to 24:1). The judge made it clear that the plaintiffs had "confirm[ed] to

[her]" that the most recent complaints were the "final plaintiffs' best shot" and that further

amendments **"[w]ouldn't be permitted here** because in effect this is I would say the third time

you folks have drafted a complaint for people in the circumstances your clients are in." (Tr. at

29:18-25) (emphasis supplied). And the plaintiffs agreed:

> MR. GORDON:          **Yes, your Honor, I think that's correct.**

(Tr. at 30:1-2) (emphasis supplied). The judge gave the Moving Defendants twenty-days to move

to dismiss the new, final versions of the complaints (Tr. at 36:20-21), and the Moving

Defendants filed their omnibus motions to dismiss on January 30, 2012 (Docket No. 163). Last,

the parties and the Court agreed to consolidation of the twenty actions then filed for pretrial

purposes (Tr. at 40:21 to 41:7).

On March 13, 2012, after the omnibus motions to dismiss had been briefed, the plaintiffs

moved for leave to amend their complaint. (Docket No. 192). This motion was not at odds with

the scheduling order, because the purpose of the amendment was to add a new party defendant,

the Order of Malta, rather than to change or expand the claims against the other Moving

Defendants, who had already filed three motions to dismiss various iterations of the plaintiffs'

complaints. The Moving Defendants, therefore, did not oppose the motion for leave to amend.

Judge Hall, in an order dated March 26, 2012, ordered the plaintiffs to file conforming

amendments to the complaints in each of the consolidated actions and ruled that "the pending

Omnibus Motions to Dismiss shall be treated as fully applicable to the Third Amended

Complaint in each of the twenty cases." (Docket No. 203).

On April 11, 2012, Judge Hall entered a formal scheduling order in the consolidated

cases (Docket No. 207). The scheduling order provided that all motions for leave to amend the

complaint had to be filed by July 1, 2012, and that "[a]ny motion to amend … filed after [that

date] will be governed by the good cause standard of Fed. R. Civ. P. 16(b)." (Docket No. 207 at

1).

After the consolidated cases were transferred to Judge Chatigny on April 13, 2012

(Docket No. 211), the plaintiffs filed the *Jesula* complaint (on May 23) and then the *Michel*

complaint (on July 17). After the *Jesula* and *Michel* cases were filed, and in preparation for a

status conference before Judge Chatigny, the parties submitted a Joint Status Report, in which

they stated:

> **The parties agree that *Jesula* and *Michel* should be consolidated before this Court for pre-trial purposes, once returns of service have been filed.**

> **Further, the current deadline for a responsive pleading or dispositive motion in the *Jesula* case is August 17, 2012 … . The parties agree that the pending omnibus motions to dismiss … should apply to *Jesula* and *Michel* as if they had been consolidated at the time the motions were briefed.**

(Docket No. 232 at 8) (emphasis supplied).

On September 20, 2012, the Moving Defendants moved to consolidate *Jesula* and *Michel* with the other cases, as the parties had agreed (Docket No. 253). The plaintiffs opposed the motion, but only on the grounds that their (ultimately unsuccessful) motion to recuse Judge Chatigny was pending (Docket No. 254). They noted in their opposition that "After the recusal issue is resolved **Plaintiffs agree that it would then be appropriate to consider consolidating this matter [*Jesula*] with the twenty-one civil actions stating similar claims against the same Defendants.**" (Docket No. 254 at 2) (emphasis supplied).

On October 31, 2012, after denying the recusal motion, the Court granted the Moving Defendants' motion to consolidate *Jesula* and *Michel* with the other cases (Docket No. 260). But despite the consolidation for pretrial purposes, to which they had repeatedly agreed before and after filing the *Jesula* and *Michel* complaints, and despite their agreement that they would not amend their complaints yet again, the plaintiffs sought leave to amend their complaint in *Jesula* and filed an amended complaint in *Michel* on November 12 and 13, respectively.

ARGUMENT

A.    <u>In Light Of The Scheduling Order, The Amendment Is Improper.</u>

        1.    <u>The Plaintiffs Do Not Have An Absolute Right To Amend The *Michel* Complaint After The Expiration Of Scheduling Order Deadlines.</u>

Under Rule 16(b), the Court *must* enter a scheduling order, and the scheduling order *must* include a deadline for amendment of the pleadings. See Fed. R. Civ. P. 16(b)(1) (scheduling order mandatory); Fed. R. Civ. P. 16(b)(3)(A) (time limits for amendments to pleadings). A scheduling order can be modified, but "only for good cause and with the judge's consent." Fed.

6

R. Civ. P. 16(b)(4). And unless modified, the scheduling order "controls the course of the action." Fed. R. Civ. P. 16(d).

Rule 15 permits a plaintiff to amend its complaint once as a matter of course within 21 days after service of a responsive pleading or a motion to dismiss. Fed. R. Civ. P. 15(a)(1)(B). Since the Moving Defendants have not yet responded to the *Michel* complaint, the plaintiffs seem to take the view that they have an absolute right to amend the *Michel* complaint. But in *Kassner v. 2nd Ave. Delicatessen, Inc.,* 496 F.3d 229, 242-44 (2d Cir. 2007), the Second Circuit squarely rejected that view. In *Kassner,* the plaintiff filed a first amended complaint before the defendant had answered, but more than a month after the expiration of the time permitted for amendments in the scheduling order:

> We hold that amendment of a pleading as a matter of course pursuant to Rule 15(a) is subject to the district court's discretion to limit the time for amendment of the pleadings in a scheduling order issued under Rule 16(b).[6]

*Id.* at 244. Indeed, the court refused to permit the proposed amendment even though it held that (unlike the amendment in *Michel,* for reasons we do not discuss here) the amended complaint would be sufficient to state a claim for relief. Instead, the court remanded to the district court for consideration of the amendment not with reference to the merit or lack of merit of the claims stated in the complaint, but with reference to whether the plaintiff had shown good cause for amendment of the scheduling order as required by Rule 16(b). *Id.*

---

[6] There is one technical difference between the situation in *Kassner* and the situation here. *Kassner* arose before the 2009 amendments to Rule 15. Under the old rule, a plaintiff could file an amended complaint as a matter of course if the defendant had not answered, even if the defendant had moved to dismiss for failure to state a claim. *See* Fed. R. Civ. P. 15, 2009 Advisory Committee Note. In the instant case, the filing of a motion to dismiss cuts off the right to amend without leave of court. We discuss this issue further in Section B, below.

2.     Even If The Plaintiffs Had Moved To Modify The Scheduling Order, They Cannot Meet Rule 16(b)(4)'s "Good Cause" Standard.

Whether good cause exists under Rule 16(b) for permitting an amendment as a matter of course depends primarily on the plaintiff's diligence or lack of diligence and the prejudice to the defendants. *Kassner,* 496 F.3d at 244-45. Here, the plaintiffs have not been diligent. They filed the *Michel* case on July 17, 2012. Then they renewed their agreement that *Michel* "should be consolidated before this Court for pre-trial purposes, once returns of service have been filed" and "that the pending omnibus motions to dismiss … should apply to … *Michel* as if [it] had been consolidated at the time the motions were briefed." (Docket No. 232 at 8). Then, approximately **four months** later, and with no explanation and no attempt to seek leave of court to disregard the scheduling order and their own agreements, the plaintiffs filed a new complaint. Most of the new factual allegations they wish to make appear to come from discovery the plaintiffs have obtained from various defendants. But most of the discovery was made available to the plaintiffs on June 29, 2012, and still they waited more than **four months** to amend.

The Moving Defendants would be prejudiced by having to respond to yet another version of the complaint. They have already had to file three motions to dismiss with accompanying memoranda of law, and yet another motion to dismiss would involve additional costs and delays. Moreover, their first motions to dismiss were filed more than a year ago, on November 16, 2011, and the most recent omnibus motion to dismiss, filed on January 30, 2012, has been pending for nearly a year.  Further delay is both prejudicial in itself and contrary to the overall plan agreed by the parties and the court, which involved allowing the plaintiffs to amend their complaints more than once to take what the Court called their "best shot" and then deciding whether the complaints state a claim for relief. The Moving Defendants have had to wait as the plaintiffs have made various tactical and procedural moves (for example, the multiple amendments to the

pleadings, the motion to recuse Judge Chatigny, the attempts to obtain entry of default in *Jesula* (case no. 3:12-cv-775, doc. nos. 56, 57, 58, 59, 60) and the opposition to the motion to consolidate *Jesula* and *Michel* (docket no. 254) despite their earlier agreement to consolidation) that have delayed and complicated matters. The Moving Defendants are now entitled to a ruling on the long-pending motions to dismiss on the pleadings as they now stand—or stood, before the plaintiffs' attempt to get another bite of the apple in *Michel*.

B.   <u>After Consolidation, The Plaintiffs Could No Longer File An Amended Complaint In</u>
<u>*Michel* Without Leave Of Court.</u>

We show above that the plaintiffs cannot show good cause for allowing the *Michel* amendment—indeed, they did not even bother to try. But there is a more basic problem with the amendment. Once *Michel* was consolidated with the other cases, on November 2, the provision of Rule 15 that permits a single amendment as a matter of course no longer applied, because after the consolidation (and the specific agreement of the parties), the omnibus motions to dismiss were as applicable to the *Michel* complaint as they were to any of the other complaints in the twenty other cases. Thus the applicable provision of Rule 15 is not Rule 15(a)(1)(B), which permits an amendment within 21 days after the filing of an answer or motion to dismiss, because a motion to dismiss was already pending. Rather, the applicable provision is Rule 15(a)(2), which provides that in all other cases, a party must obtain leave of court before amending its complaint.  Further, as demonstrated above, Plaintiffs specifically agreed not to further amend their complaints, regardless of the Court's ruling on the omnibus motions.

C.   <u>Plaintiff Michel's Amended Complaint Should be Stricken.</u>

This Court has not hesitated to strike pleadings which were filed in violation of Fed. R. Civ. P. 15 and 16 in similar circumstances.  For example, in *Lyddy v. Bridgeport Bd. of Educ.,* 2008 WL 2397688 (D. Conn. Jun. 10, 2008), the Court granted a motion to strike an amended

pleading under Rules 15 and 16 where the amendment was filed outside of the time permitted by the scheduling order and where the plaintiff filed the amendment without leave of court.[7] Thus the Moving Defendants' motion is procedurally proper.

CONCLUSION

The Court should reject the plaintiffs' procedural gamesmanship and attempts to evade the Scheduling Order and their own agreements. For the foregoing reasons, the Court should strike the first amended complaint in *Michel.* In the alternative, if the Court does not grant this motion and has not sooner granted the Moving Defendants' motion for extension of time to file a responsive pleading or motion in this matter (docket no. 274), then the Moving Defendants respectfully request an extension of fourteen days from the date of the Court's ruling on this motion within which to file their response to the *Michel* Amended Complaint.

---

[7] In *Lyddy,* the Court had granted leave to amend but had defined the scope of the amendments permissible, and the plaintiff had exceeded that scope. Thus the court held that the amendment was "impermissibly filed without leave of court." *Id.* at *1.

Respectfully submitted,

PAUL E. CARRIER, S.J.

By his attorneys:

/s/ Theodore J. Folkman
Timothy P. O'Neill (phv04968)
Theodore J. Folkman (phv04969)
Amanda Moger Rettig (phv04967)
MURPHY & KING, P.C.
One Beacon St.
Boston, Mass. 02108
(617) 423-0400
tpo@murphyking.com
tjf@murphyking.com
amr@murphyking.com

Gene S. Winter (ct05137)
Erin R. Woelker (ct27552)
ST. ONGE STEWARD JOHNSTON & REENS LLC
986 Bedford St.
Stamford, Conn. 06905
(203) 324-6155
gwinter@ssjr.com
ewoelker@ssjr.com

SOCIETY OF JESUS OF NEW ENGLAND

By its attorneys:

/s/ Carolyn R. Linsey
Carolyn R. Linsey (ct07674)
JEFFERS COWHERD P.C.
55 Walls Drive
Fairfield, Conn. 06824
(203) 259-7900
clinsey@jeffers-law.com

William J. Dailey, Jr. (phv05018)
Michael J. Kerrigan (phv05175)
SLOANE & WALSH, LLP
3 Center Plaza, 8th Floor
Boston, Mass. 02108
(617) 523-6010
wdaileyjr@sloanewalsh.com
mkerrigan@sloanewalsh.com

FAIRFIELD UNIVERSITY

By its attorneys:

/s/ Thomas D. Goldberg
Stanley A. Twardy, Jr. (ct05096)
Thomas D. Goldberg (ct04386)
Paul D. Williams (ct05244)
Kathryn G. Newman (ct28708)
DAY PITNEY LLP
One Canterbury Green
Stamford, Conn. 06901
(203) 977-7300
satwardy@daypitney.com
tgoldberg@daypitney.com
pdwilliams@daypitney.com
knewman@daypitney.com

HOPE E. CARTER

By her attorneys:

/s/ Jeffrey W. Kennedy
Christopher F. Wanat (ct02164)
Jeffrey W. Kennedy (ct16419)
MILANO & WANAT, LLC
471 E. Main Street
Branford, Conn. 06405
(203) 315-7000
cwanat@mwllc.us
jkennedy@mwllc.us

SOVEREIGN MILITARY HOSPITALLER ORDER OF
ST. JOHN OF JERUSALEM OF RHODES AND OF
MALTA, AMERICAN ASSOCIATION, U.S.A.

By its attorneys:

/s/ Bradford S. Babbitt
Bradford S. Babbitt (ct13938)
Kori Termine Wisneski (ct27263)
Brett J. Boskiewicz (ct25632)
ROBINSON & COLE, LLP
280 Trumbull Street
Hartford, Conn. 06103
(860) 275-8209
bbabbitt@rc.com
kwisneski@rc.com
bboskiewicz@rc.com

CERTIFICATE OF SERVICE

      I hereby certify that on December 4, 2012, a copy of the foregoing document was filed electronically.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's CM/ECF system.

      The undersigned further certifies that December 4, 2012, a copy of the foregoing document was sent by mail to defendant Haiti Fund, who is unable to accept electronic service, as follows:

                    Haiti Fund, Inc.
                    c/o Michael McCooey
                    Chairman
                    475 Polly Park Road
                    Rye, NY 10580

      In addition, a copy of the foregoing document was sent by mail to counsel for defendant Douglas Perlitz, who is unable to accept electronic service, as follows:

                    David T. Grudberg, Esq.
                    Carmody & Torrance, LLP
                    195 Church Street
                    P.O. Box 1950
                    New Haven, CT 06509-1950

                              /s/ Theodore J. Folkman