```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT
```

JOSEPH JEAN-CHARLES,            :

    Plaintiff,              :

V.                              :   Case No. 3:11-CV-614 (RNC)

DOUGLAS PERLITZ, et al.,        :

    Defendants.             :

## RULING AND ORDER

Pending are plaintiff Jesula's motion for leave to amend his complaint pursuant to Rule 15(a)(2) (ECF No. 266), a motion to strike the amended complaint filed by plaintiff Michel (ECF No. 283), and a motion to compel participation in a Rule 26(f) conference filed by these same plaintiffs (ECF No. 296). These motions arise in an unusual and somewhat complicated procedural context, familiarity with which is assumed, involving twenty-two related cases that have been consolidated for pretrial purposes. Defendants contend that an agreement of counsel adopted by the Court precludes the plaintiffs from amending their complaints and that the plaintiffs' cases are governed by the existing Rule 26(f) scheduling order. Plaintiffs contend that they should be permitted to amend their complaints and put together a new scheduling order to govern their cases. After careful

1

consideration, I agree with the defendants' position for substantially the reasons stated in their supporting memoranda.

Defendants argue persuasively that permitting the amended complaints would violate the letter and spirit of the agreement of counsel adopted by Judge Hall during the status conference on January 9, 2012, and embodied in the tailored scheduling order entered on April 11, 2012.  At the status conference, it was agreed that the plaintiffs, who already had revised their allegations several times, would be bound by a final set of common allegations representing their "best shot" and that the legal sufficiency of those allegations would be tested through omnibus motions to dismiss.  <u>See</u> Tr. (ECF No. 137) at 29-30.[1]  Pursuant to that agreement, defendants filed omnibus motions to dismiss, which have been argued and are ripe for decision. Plaintiffs' counsel now seek to avoid the agreement they entered into before Judge Hall by amending the complaints in the Jesula and Michel cases to add new allegations common to

---

[1] The agreement and tailored scheduling order anticipated that the plaintiffs would have a limited opportunity to join additional parties as substitutes for John Does but amendments to the complaint would not be permitted.

2

all the plaintiffs concerning the liability of the defendants.  In short, they seek to improve upon what was supposed to be their final "best shot" after specifically agreeing that they would not be allowed to do so.

    Plaintiffs' counsel argue that Jesula and Michel cannot be bound by an agreement made before their cases were even filed.  However, the applicability of the agreement to the complaints filed by plaintiffs' counsel on behalf of Jesula and Michel is demonstrated by the joint status report filed on July 18, 2012.  The report states:

> - "The Court's initial Scheduling Order [of April 11] is in effect."  ECF No. 232 at 6.
> - "The parties agree that Jesula and Michel should be consolidated before this Court for pre-trial purposes, once returns of service have been filed."  Id. at 8.
> - "The parties agree that the pending omnibus motions to dismiss . . . should apply to Jesula and Michel as if they had been consolidated at the time the motions were briefed."  Id.

On the basis of these representations, the Jesula and Michel actions were consolidated with the rest of the related cases on October 31, 2012.[2]

---

    [2] After the July 18 joint status report was filed, plaintiffs filed a motion to recuse and opposed consolidation, but only until such time as the motion to recuse was decided.  See ECF No. 251 at 2-3 ("After the recusal issue is resolved Plaintiffs agree that it would then be appropriate to consider consolidating this matter with the other twenty-one civil actions stating similar

Plaintiffs' counsel argue that Jesula and Michel are not estopped from changing the position stated in the July 18 status report because the Court did not act on their prior position.  But the Court did rely on the statements in the status report in ordering that these cases be consolidated for pretrial purposes with the rest of the cases.  If the Jesula and Michel cases are not subject to the omnibus motions to dismiss, nor governed by the existing scheduling order, what was the point of the consolidation?

Plaintiffs' counsel state that there is good cause for permitting the amendments but they have not shown that the new allegations are necessary to correct deficiencies in the Third Amended Complaint.  Had they shown that the new allegations are necessary to enable the plaintiffs to state a claim on which relief may be granted, permitting the amendments could potentially be justified in the interests of justice.  In the absence of such a showing, the interests of justice are best served by enforcing the parties' agreement.

Requiring plaintiffs' counsel to abide by their agreement is necessary to avoid unfair prejudice to the

---

claims against the same Defendants.").  The motion to recuse was denied on October 24, 2012 (ECF No. 259).

defendants. The proposed amended complaints are not limited to specific allegations concerning Jesula and Michel; they add allegations applicable to the claims of all the plaintiffs. Defendants have already filed three motions to dismiss and the most recent motions have been pending nearly a year. Defendants are entitled to a ruling on the pending motions in accordance with the agreement that was made by counsel and approved by the Court.

Accordingly, Jesula's motion for leave to amend (ECF No. 266) is denied, defendants' motion to strike Michel's amended complaint (ECF No. 283) is granted, defendants' motion for an extension of time to respond to the amended complaints (ECF No. 274) is denied as moot, and plaintiffs' joint motion to compel defendants' participation in a Rule 26(f) conference (ECF No. 296) is denied.

So ordered this 4th day of February 2013.

                                                     /s/RNC
                                     Robert N. Chatigny
                              United Stated District Judge